## BARKSDALE v. CITY OF LAURENS.

1. CONSTITUTION— DAMAGES— MUNICIPALITY— STEAM ROLLER.—REV. STAT., 1582, is not violative of art. III., sec. 17, Constitution, since its title and body relate to same subject, and it covers damages resulting from negligent mismanagement of a steam roller used by a municipality in working its streets.

2. NONSUIT—CONTRIBUTORY NEGLIGENCE—MUNICIPALITY.—There being evidence here tending to show mismanagement of the steam roller at work on the streets, nonsuit on that ground would be improper; but in actions of this kind, plaintiff must show want of contributory negligence on his part, and that not being shown here, nonsuit on that ground was proper.

Before BUCHANAN, J., Laurens, February, 1900. Affirmed.

Action by William O. Barksdale, by his guardian *ad litem,* Downs C. Barksdale, against city of Laurens, for personal injuries from mismanagement of steam roller at work on the streets. From order of nonsuit, plaintiff appeals.

*Mr. N. B. Dial,* for appellant, cites: *As to duty of city:* 37 S. C., 77; 43 S. C., 399.

*Messrs. F. P. McGowan* and *W. R. Richey,* contra, cite: *As to nonsuit:* 23 S. C., 531; 21 S. C., 466, 541; 40 S. C., 343. *As to unconstitutionality of Rev. Stat., 582:* 2 Bail., 334; 4 S. C., 444; art. II., sec. 20, Con. *Engineer was fellow-servant with plaintiff:* 51 S. C., 510; 23 S. C., 531, 537; 1 McM., 385; 25 S. C., 135.

Aug. 4, 1900. The opinion of the Court was delivered by MR. JUSTICE JONES. This action was for damages for

personal injuries sustained by plaintiff, a minor of the age of fourteen years, while in the employment of defendant, by reason of alleged negligence in the management of a steam roller, while repairing the streets of Laurens, whereby plaintiff's foot and leg was caught between the roller and an embankment on the side of the street, mashed and injured. The appeal is from an order of nonsuit.

The motion for nonsuit was based upon the following grounds: "1st. Because the legislature has not given a right of action as that relied on by the plaintiff. 2d. Because there is no evidence showing or tending to show that the plaintiff's injury was caused by any negligence of the city of Laurens, or of its employees, or by reason of any defect in a street of the said city, suffered to exist by any negligence of said city. 3d. Because there is no evidence showing or tending to show that the plaintiff's injury was brought about not by his own negligence, or that he did not negligently contribute thereto. 4th. Because, if the injury was caused by the negligence of any person other than the plaintiff himself, it was the negligence of a fellow-servant, for which the defendant is in no way liable."

The order of nonsuit does not indicate the grounds upon which it rested. The exceptions thereto assign error as follows: "1st. Because the Circuit Judge erred in holding that the act of 1892, under which this action was brought, was unconstitutional. 2d. Because he erred in not holding that said act was broad enough to cover cases such as the evidence made out in the case. 3d. Because he erred in not holding that the defendant was guilty of neglect and mismanagement in repairing its streets, and of operating its machinery in repairing the same. 4th. Because he erred in not holding that the plaintiff had made out his case, and that the injury was not brought about by his negligent act, or that he negligently contributed thereto. 5th. Because he erred in holding that the injury was caused by plaintiff and his fellow-servants. 6th. Because he erred in not holding that contributory negligence was a question of defense. 7th.

Because he erred in granting the motion of nonsuit, and in not allowing the case to go to the jury."

The action was brought under the act of 1892, 21 Stat., 91, now section 1582 of the Revised Statutes, which provides: "Any person who shall receive bodily injury or damages in his person or property through a defect in any street, causeway, bridge or public way, or by reason of defect or mismanagement of anything under the control of the corporation within the limits of such town, may recover, in an action against the same, the amount of actual damages sustained by him by reason thereof. If any such defect in a street, causeway or bridge existed before such injury or damage occurred, such damage shall not be recovered by the person so injured, if his load exceeded the ordinary weight: *Provided,* That said corporation shall not be liable unless said defect was occasioned by its neglect or mismanagement: *Provided, further,* Such person has not in any way brought about such injury or damage by his or her own negligent act or negligently contributed thereto." The title of said act of 1892 is "An act providing for a right of action against a municipal corporation for damages sustained by reason of defects in the repair of streets, sidewalks and bridges within the limits of such municipal corporation." This act was construed, in the case of *Dunn* v. *Barnwell,* 43 S. C., 401, wherein the Court held that the term "mismanagement," as used in the clause, "or by reason of defect or mismanagement of anything under control of the corporation," meant mismanagement in making repairs on the streets, so that the corporation should be held liable not only for neglect in making the repairs on the streets, but also for mismanagement of anything under the control of the corporation *in making such repairs.* Thus construed, the provisions in the body of the act are germane to the subject expressed in the title, and, therefore, the act is not in conflict with art. III., sec. 17, of the Constitution, which provides that "every act or resolution having the force of law shall relate to but one subject, and shall be expressed in the title." We are also of

opinion that the terms of the act: "by reason of defect or mismanagement of anything under control of the corporation," are broad enough to include mismanagement of a steam roller under control of the municipality and while being used in repairing its streets. The plaintiff's action being within the terms of a valid act, a nonsuit on the first ground would not be proper.

There was no evidence tending to show that plaintiff's injury was caused by any negligence of the city of Laurens by reason of any defect in a street of said city, or by reason of any defect in the steam roller, or by reason of negligence in the selection of an engineer for said machine. The action, however, was not based on such negligence, but on the negligent mismanagement or the mismanagement of the steam roller. On this point, we think there was some evidence tending to show mismanagement of the roller by the engineer in charge. It appears that at the time of the injury, the city of Laurens having partially graded down Main street, was grading down, also, a road or street entering Main, at the place of junction. Opposite this point was an embankment on Main street, some four feet high. A large plow was attached to the front of the steam roller by a chain, and the mouth of the road entering Main street was being plowed down by starting the plow some distance up said road and drawing the same by means of the steam roller backing partially across Main street and towards said embankment. The man holding the plow would signal the engineer in charge of the roller to stop when about to reach the place where the plow was to stop, and after the roller was at a standstill, would loosen the plow and drag it back to the beginning point, and the roller would then return, to be again attached to the plow. The plaintiff, a lad of fourteen years, was employed by the city to carry water to the men at work on the street, including the said engineer and plowman. On this occasion, the plaintiff mounted the steam roller from the rear, as he had done before, with the knowledge of the engineer, gave the engineer some water,

and was in the act of getting off, when his foot was caught between the roller and the embankment and crushed into the embankment and injured.    The width of the street and the length of the roller with the chain and plow attached was not clearly shown, but there was evidence that the roller had never before been driven against the embankment, but was accustomed to stop about thirty feet before reaching the embankment.    The man holding the plow, although not seeing the plaintiff, signalled the engineer to stop at the usual stopping place, and seeing the roller going further, signalled again, but the roller continued to back towards the embankment.    There was some evidence that the engineer knew that plaintiff had mounted the roller from the rear and would descend there.    There was no evidence that the machine was defective and beyond control of the engineer.    Assuming that there was some evidence tending to show mismanagement of the steam roller by the engineer in charge, it is contended by respondent in support of the nonsuit, that under the statute it was incumbent on plaintiff, not only to show injury through mismanagement of the steam roller, but it was also incumbent on him to show that such injury was not . brought about in any way by his contributory negligence. In this contention we agree with respondent.    While in ordinary actions for negligence, contributory negligence by the plaintiff is a matter of defense, and is not available on a motion for nonsuit, yet in this action, under the statute, it is necessary for plaintiff, as a part of his case, to show that his own negligence did not contribute to the injury, for that is one of the conditions of his· right of action against the municipality, which depends wholly upon the statute. Hence, if the evidence on the part of plaintiff does not tend to negative contributory negligence on his part, a nonsuit is proper.    The undisputed evidence was that plaintiff, who was an intelligent youth, past fourteen years, knew that the roller was provided with steps on the side, where he could have dismounted in safety; that he saw the roller was backing beyond the usual place towards the embankment, and

27—58

nevertheless attempted to get off between the moving roller and the embankment, so near the embankment, as that while his right foot was on the ground, his left foot was caught between the roller and the embankment. The evidence, instead of negativing contributory negligence, established it. On this ground we think the nonsuit sustainable.

This conclusion renders it unnecessary to consider the fourth ground of the motion for nonsuit, whether the doctrine of "fellow-servant," which exempts the master from liability when the injury results from the negligence of a fellow-servant in the same general department of labor, has any application to this action, which is wholly statutory.

The judgment of the Circuit Court is affirmed.