HUTCHISON v. TOWN OF SUMMERVILLE.

1. CHARGE.—When a Judge charges requests "as hereinafter modified," and the general charge is inconsistent with the requests, they, may be regarded as refused.

2. MUNICIPALITIES—STREETS.—Code, 1902, 2023, makes municipalities liable for damages resulting from failure to place safeguards at a ditch at which a sidewalk ends.

3. DAMAGES.—Definition of actual damages complained of *held* correct, as a general proposition applicable to the claim here.

Before WATTS, J., Dorchester, February, 1903. Affirmed.

Action by Philip H. Hutchison against town of Summerville. From judgment for plaintiff, defendant appeals.

*Messrs. Burke & Erckmann,* for appellant, cite: *Town is not responsible for error in judgment in repairing sidewalk:* 91 N. Y., 737; 29 Am. St. R., 737; 38 S. C., 282. *Liability does not apply to new way:* 43 S. C., 400. *As to definition of actual damages:* 51 S. C., 480.

*Messrs. Legare, Walker & James Simons,* contra, cite: *Liability of municipalities:* Code, 1902, 2023; 43 S. C., 398. *Definition of actual damages is correct:* Suth. on Dam., 17.

June 22, 1903. The opinion of the Court was delivered by

MR. JUSTICE GARY. *Statement of facts.*—This appeal involves the construction of section 2023 of the Code of Laws, which is as follows: "Any person who shall receive bodily injury or damage in his person or property through a defect in any street, causeway, bridge or public way, or by reason of defect or mismanagement of anything under the control of the corporation within the limits of such town, may recover in an action against the same the amount of actual damages sustained by him by reason thereof. If any

such defect in a street, causeway or bridge existed before such injury or damage occurred, such damage shall not be recovered by the person so injured, if his load exceeded the ordinary weight.: *Provided,* That said corporation shall not be liable unless said defect was occasioned by its neglect or mismanagement: *Provided further,* Such person has not in any way brought about such injury or damage by his or her own negligent act or negligently contributed thereto."

The allegations of the complaint material to the consideration of the questions presented by the exceptions are as follows:

"II. That there is a certain street in the said town known as Sumter avenue, and that running along the east side thereof and wholly within the corporate limits of and under the control of the said town was a walk, path or public way for the use of pedestrians, which was much used by the citizens thereof and others, and that the defendant, prior to the times hereinafter mentioned, rebuilt and repaired the said walk, path or public way, and through its neglect and mismanagement in so rebuilding and repairing the sidewalk or public way aforesaid, the same was made to contain a defect therein, in that the same, after being made to extend for some distance, was made to end abruptly in a ditch or excavation about six feet deep, which said defect was unguarded, unprotected and without any caution or notice to wayfarers, and was permitted to remain by the said defendant through its mismanagement and neglect in such defective, unguarded and unprotected condition, and without notice or caution to wayfarers at the times hereinafter mentioned.

"III. That the plaintiff, on the night of the 3d day of April, 1902, was lawfully traveling on foot along the said sidewalk or public way, rebuilt and repaired as aforesaid, carrying nothing but the ordinary wearing apparel worn on his person, and wholly unaware and without any warning or notice of, or anything to put him on his guard as to the condition of the same or danger, without fault or negligence on his part, was precipitated into the said ditch or excava-

tion, whereby he received great bodily injury, in that he suffered a serious sprain or dislocation of his left ankle, and that he was made sick, lame and disabled for the space of eleven weeks, during which time he thereby suffered great pain and was thereby, then and there, hindered from attending to his business for a period of eleven weeks, and has ever since remained sore, lame and disabled, and was put to considerable expense for medical attention, and is advised by his physician and believes that he will never wholly recover from the injuries so received, but will continue to suffer therefrom and thereby during the rest of his natural life, all of which is to his damage $2,000.

"IV. That the plaintiff has not in any way brought about such injuries or damages by his own negligent act, or negligently contributed thereto."

The answer of the defendant was practically a general denial of these allegations.

The jury rendered a verdict in favor of the plaintiff for $1,000.

The defendant appealed upon the following exceptions:

"1st. That his Honor erred in charging, 'If by reason of any defect or mismanagement of anything under their control—that is, under the control of the corporation, within the limits of that town—the plaintiff here may recover in an action against the town of Summerville, the amount of actual damages sustained by him by reason thereof.' Also in charging this expression, 'or by any mismanagement on the part of the town,' in that portion of his charge which charges, 'And if any party is injured by traveling over those streets, public ways or sidewalks, through any defect in the repair of the same, or not keeping them in proper repair, or by any mismanagement on the part of the town, and the town was negligent and mismanaged the same, and that was the cause of the injury, and the party himself did not, by his own negligent act, or his own negligence, contribute thereto, then he would be entitled to recover.'

"Because in so doing his Honor in effect modified defend-

ant's 6th request to charge as follows: 'That it would not be responsible for its judgment in determining how the road should be repaired or constructed, or in approving of it after it was constructed,' and that the same should have been given without modification.

"Because in so doing his Honor in effect modified defendant's 7th request to charge as follows: 'That the defendant cannot be held liable under the statute, if the cause of the injury was failure to determine to have a barricade between the way and ditch,' and that the same should have been given without modification.

"Because in so doing his Honor in effect modified defend-.ant's 8th request to charge as follows: 'That the defendant cannot be held liable under the statute, if the cause of the injury was failure to have a barricade between a new way constructed by it and a ditch,' and the same should have been given without modification.

"Because in so doing his Honor in effect modified defendant's 9th request to charge as follows: 'That the defendant, under the statute, is liable only in regard to the repair of a road or way, and not to the construction of an entirely new way or road,' and the same should have been given without modification.

"Because in so doing his Honor in effect modified defendant's 10th request to charge as follows: 'That there is no remedy against a municipal corporation for an injury occasioned by any defect, neglect or mismanagement in the construction of an entirely new way or road,' and the same should have been given without modification.

"2d. That his Honor erred in charging as good law the plaintiff's fourth request to charge, viz: 'Actual damages are when the wrongful act has caused a loss or injury which can be assessed in money, the universal and cardinal principle being that the person injured shall receive compensation commensurate with his loss or injury, and no more.' Because that definition will include consequential and special damage, which in a case of this kind can be assessed in

money as well as direct and proximate damages, and so has a
much broader meaning than actual damage, which is limited
to direct immediate and proximate damage."

His Honor, the presiding Judge, charged the jury as fol-
lows:

"Now, gentlemen, you understand that this is an action
brought under the statute, and the proper way and best way
to inform you what the law is, is to read you the statute.
(Quoting statute.)    So I charge you, as matter of law, that
it is the duty of the town of Summerville to keep in repair
its streets and causeways and bridges and public ways, and
if they fail to do that, and if by reason of any defect or
mismangement of anything under their control—that is,
under the control of the corporation within the limits of that
town—this plaintiff here may recover in an action against
the town of Summerville the amount of actual damages sus-
tained by him by reason thereof; that is, if he was injured by
any neglect on the part of the town of Summerville to keep
in proper repair their streets, ways and roads; provided, that
the corporation shall not be liable unless such defect was
occasioned by its neglect or its negligence; and provided
further, that plaintiff could not recover if he in any way
brought about the injury by his own negligent act or negli-
gently contributed thereto.    In other words, I charge you as
matter of law, that it is the duty of all towns in this State
which are incorporated, to keep in proper repair their streets
and sidewalks and public ways, and if any party is injured
by traveling over those streets, public ways or sidewalks,
through any defect in the repair of the same, or not keeping
them in proper repair, or by any mismanagement on the part
of the town, and the town was negligent and mismanaged
the same, and that was the cause of the injury, and the party
himself did not by his own negligent act, or his own negli-
gence, contribute thereto, then he would be entitled to re-
cover.

"Now, if the plaintiff in this case was injured while he
was traveling the streets of Summerville, and that injury

was brought about by negligence on the part of the town of Summerville in not keeping their sidewalks in proper repair, or they mismanaged the same, or were negligent in not keeping them in proper repair, or there was a defect in the sidewalk, and he was not guilty of any negligence on his part, did not contribute by his own negligence to the injury, but the town failed to keep the sidewalk in proper repair, and that was the direct and proximate cause of the injury, the management of the town, or negligence in keeping it in proper repair, and he did not by his own act contribute thereto, or by his own negligence bring it on, then he would be entitled to recover of the town such actual damages as he sustained.    He cannot recover anything but actual damages, because the statute says that.

"If, on the contrary, the plaintiff was injured, and there was no mismanagement on the part of the town, and they were not guilty of any negligence, and the sidewalk was in proper repair, or the streets and public ways in proper repair, or if he by his own act contributed to it, if negligent himself and by his own act contributed to it, and the town was not guilty of any mismanagement, then your verdict would be for the town or for the defendant.

"Now, negligence is the absence of due care.    It has been defined to be the absence of due care, or it has been defind to be where a party does a thing that a man of ordinary prudence would do under similar circumstances, or failure to do that which an ordinarily prudent man should do under similar circumstances."

His Honor charged the plaintiff's 4th request, which was as follows: "4th.  Actual damages are when the wrongful act has caused a loss or injury which can be assessed in money, the universal and cardinal principle being that the person injured shall receive compensation commensurate with his loss or injury and no more."

*Opinion.*—We will first consider the questions raised by the exception numbered 1.    The Circuit Judge in commenting on the requests mentioned in this exception said to the

jury: "I charge you as good law, except as I may hereinafter modify them, in my general charge."

The general charge was inconsistent with these requests and we may, therefore, regard them as practically refused.

Whether such refusal was error, involves the construction of the statute hereinbefore mentioned. The statute received judicial construction in *Dunn* v. *Barnwell,* 4 S. C., 398, and in *Barksdale* v. *City of Laurens,* 58 S. C., 413. In the last mentioned case the Court says: "The title of said act of 1892 is 'An act providing for a right of action against a municipal corporation for damages sustained by reason of defects in the repair of streets, sidewalks and bridges within the limits of such municipal corporation.' This act was construed in the case of *Dunn* v. *Barnwell,* 43 S. C., 401, wherein the Court held that the term 'mismanagement,' as used in the clause, 'or by reason of defect or mismangement of anything under control of the corporation,' meant mismanagement in making repairs on the streets, so that the corporation should be held liable not only for neglect in making repairs on the streets, but also for mismanagement of anything under the control of the corporation *in making such repairs.*" The municipality is liable not only for its neglect in failing to make repairs on the streets, but likewise for its negligence in making such repairs. In other words, it is liable for its negligent non-action as well as for its negligent action in making repairs. It would practically destroy the effect of the statute to sustain the proposition for which the appellant contends. This exception is overruled.

The other exception will next be considered. The charge of the presiding Judge must be construed with reference to the issues made by the pleadings. The plaintiff only claimed actual damages. The charge was correct as a general proposition applicable to the claim for actual damages. If the appellant desired a further charge on this question, it could have presented requests to that effect. This exception is also overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.