### 9407

### CREPS *ET AL.* v. CITY OF COLUMBIA.

#### (89 S. E. 316.)

MUNICIPAL CORPORATIONS—INJURY FROM FIRE DEPARTMENT—STATUTE.— Under Civ. Code 1912, sec. 3053, providing that any person injured by mismanagement of anything under control of the corporation within the city limits, etc., may recover in an action against the city, plaintiff, showing that defendant city was authorized to keep a fire department and had the exclusive control of it, and that, while she was waiting on a street corner, a team of large, strong, and dangerous horses under the negligent management of the fire department dashed against her, was entitled to recover damages for such injury.

Before MAULDIN, J., Columbia, March, 1916. Affirmed.

Action by Dawson E. Creps and Corrie Creps against City of Columbia to recover damages for personal injuries.

FOOTNOTE.—As to liability of municipal corporation for acts or negligence of members of its fire department, see notes 44 L. R. A. (N. S.) 68.

From order overruling demurrer to complaint, defendant appeals. The facts are stated in the opinion.

*Mr. C. S. Monteith,* for appellant, cites: Civil Code, secs. 3053, 2952; 43 S. C. 398; 58 S. C. 413; 66 S. C. 448; 70 S. C. 137; 89 S. C. 511; 94 S. C. 375; 100 S. C. 304.

*Mr. James H. Hammond,* for respondent, cites: 89 S. C. 511; 71 S. C. 170.

June 29, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This action was brought by the plaintiffs against the defendant to recover damages for injury received by the plaintiff, Corrie Creps, through the alleged carelessness and negligence of the driver of one of the defendant's fire engines in allowing the horses drawing the fire engine to run over and hurt the plaintiff, Corrie Creps.

The complaint is brought on section 3053, vol. I, Code of Laws 1912, and the allegations of the complaint are appropriate to said section. The complaint, among other things, alleges that the defendant was clothed with the power and subject to the duty of keeping, among other things, a fire department composed mostly of horse-drawn vehicles and partly by motor-drawn vehicles, for the purpose of fighting fires occurring within the limits of said municipality, and the sole and exclusive management and control over the same, and charged with careful management thereof. The complaint further alleges that the plaintiff was injured while waiting on a street corner by "a team of large, strong, and dangerous horses, under the careless, negligent and reckless mismanagement of the fire department of the defendant * * * dashing against her." To this complaint defendant demurred upon the grounds:

1. Because under the laws and statutes of South Carolina municipal corporations are not liable for damages under circumstances such as are set forth in the said complaint.

2. Because there is no statute imposing liability for damages upon municipal corporations under the facts set forth in said complaint, and in the absence of an enabling statute, the defendant, being a municipal corporation, it is not liable.

3. Because it is not alleged that plaintiff's injury was caused by reason of defect in any of the streets, causeways, or bridges of the defendant and that such defect was occasioned by neglect or mismanagement of the defendant or by reason of the defect, mismanagement or anything under the control of the defendant corporation in making repairs of its streets.

The cause was heard before his Honor, Judge Mauldin, at the March term, 1916, for Richland county, who overruled the demurrer and defendant appeals and asks reversal upon some grounds that were urged before the Circuit Court.

We think that the Judge was correct in holding that section 3053 of vol. I, Code of Laws 1912, was broad enough for the purpose of sustaining the allegations of the complaint that a cause of action was set out against the defendant. The plaintiff alleges that her injury was caused by the mismanagement of a team of horses under the control of the defendant, being a part of defendant's fire department within the limits of the city. She was on the streets where she had a right to be, and by the alleged mismanagement of defendant's servants, being under the control of the defendant, the streets were made unsafe for her and she was injured. It was made dangerous for her on the streets which were under the control and management of the defendant, whose duty it was to keep in repair and reasonably safe for street purposes by the alleged reckless mismanagement of another department of the city the fire department kept, maintained and controlled by the city, and while

this Court has not before passed upon the points at issue the cases of *Hutchison* v. *Summerville,* 66 S. C. 448, 45 S. E. 8, and *Bryan* v. *Orangeburg,* 70 S. C. 142, 49 S. E. 229, indicate that a person can recover actual damages if a person is injured by anything mismanaged under the control of the corporation.

It is as much the duty, according to the allegations of the complaint, for the defendant not to mismanage its fire department under its control while driving on the streets as it is to keep its streets in proper repair. The act intends to give a person an action for injury for defect in any street where the defect was occasioned by the neglect or mismanagement of the corporation, and where the person was injured on the street by reason of any defect or mismanagement of anything exclusively under the control of the corporation.

In the case at bar it was the duty of the corporation to keep its streets in repair and make them reasonably safe for street purposes as far as anything under its control was concerned. It controlled the repair of the streets and the fire department, if the fire department controlled by the defendant traveling the streets recklessly and carelessly so mismanaged its team as to render it unsafe for parties using the streets as to injure any one, the injured one being free from carelessness and fault, then, under the circumstances, the party injured could recover.    Exceptions overruled.

Judgment affirmed.