9573

BURNETT v. CITY OF GREENVILLE.

(91 S. E. 203.)

1. MUNICIPAL CORPORATIONS—"DEFECT IN STREET"—STATUTE.—Statute making city liable for injuries occurring "through a defect in any street" includes keeping street in such physical condition that it is reasonably safe for street purposes.

2. MUNICIPAL CORPORATIONS—TORTS—USE OF STREETS FOR RACING AUTOMOBILES.—A city is liable for personal injuries resulting from permitting the use of streets for racing and testing automobiles; such streets not being reasonably safe for ordinary street purposes.

Before GARY, J., Greenville, April, 1916. Reversed.

Action to recover damages for personal injuries brought by W. M. Burnett against the City of Greenville. From a

FOOTNOTE.—As to liability of municipal corporation for failure to prevent improper use of streets, see notes in 1 A. & E. Ann. Cas. 960, 18 A & E. Ann. Cas. 87, A. & E. Ann. Cas. 1914c, 219, 23 L. R. A. (N. S.) 636, 42 L. R. A. (N. S.) 862.

judgment on demurrer, dismissing the complaint, plaintiff appeals.

The complaint was as follows:

"The plaintiff, complaining against the defendant, respectfully shows to the Court:

1. That the defendant is a municipal corporation organized under the laws of South Carolina, situate in Greenville county.

2. That there is in said city of Greenville a street known as Main street for the use of pedestrians and vehicles, wholly within the corporate limits of said city, and entirely under its control and management. That defendant at the time hereinafter mentioned, in violation of the law of this State, extended the use of said street for the purpose of holding an automobile race and contest, otherwise known as a Hillclimb, to the promoters of said Hillclimb; and agreed to guard said Main street, and to see that the same was kept safe and clear during said Hillclimb and for practice for the same; and for several days previous thereto, at such times as should be set aside for such practice. That at a point on said Main street, or that part which had been set aside for said Hillclimb, and running parallel thereto, and across the same, is a street known as East Park avenue, within the corporate limits of the city of Greenville, and under its control and management, said East Park avenue being a prominent thoroughfare for the use of pedestrians and vehicles.

3. That the plaintiff is a citizen and resident of the State of South Carolina, county of Greenville, and is a practicing physician in the city of Greenville, South Carolina, and resides on East Park avenue, in said city; and said plaintiff owns and uses an automobile in his practice.

4. That said afternoon of said 12th day of November, 1912, was one of the days set aside by the defendant as a day of practicing for said Hillclimb, but plaintiff knew nothing of this and was not aware that there was to be a

Hillclimb, but presumed that defendant would have Main street in a safe and secure condition for its citizens and all pedestrians, as required to do by law.

5. That plaintiff on said afternoon in his automobile left his residence on East Park avenue going to his office and soon after turning into Main street was struck with great force and violence by another automobile running at a terrific rate of speed, probably seventy-five to one hundred miles an hour, which was using said street as a place of practice for said Hillclimb in violation of the law of the State, and with the knowledge and consent of defendant, its mayor, the members of its city council, its policemen and other officers and agents of said city, and said collision and injury to plaintiff was due to defendant's negligent and careless management of said streets by leaving them unguarded and by allowing said Main street to become defective and unsafe by permitting a speed contest, or Hillclimb, which defendant knew, or should have known, was in violation of the law of the State, and by permitting plaintiff to enter upon said Main street without warning him at the time when defendant knew said street was being used for the purposes set forth, said streets being entirely under the control and management of defendant; and said accident to plaintiff was caused by the defect in said Main street, or by reason of a defect or mismanagement of said city of Greenville.

6. That plaintiff, by reason of the defect, negligence and mismanagement of the defendant, was injured as follows: His collar bone was broken, laceration of tissues around shoulder joint; fracture of cheek bone, face badly bruised and joints sprained, shock to nervous system, loss of weight and strength, physical pain, mental anguish and suffering, and he was permanently injured. He was put to hospital and medical expense, and for medicines, and loss of practice for a long time; and his automobile was badly damaged,

being almost a total loss, all to his damage twenty thousand dollars.

7. That plaintiff has not in any way brought about such injuries or damage by his own negligent act, or negligently contributed thereto, nor did his load exceed ordinary weight.

Wherefore, plaintiff prays judgment against the defendant for the sum of twenty thousand dollars and the costs of this action."

*Messrs. Townes & Earle,* for appellant, cite : Civil Code, sec. 3053; 43 S. C. 401; 58 S. C. 413; 89 S. C. 511; Crim. Code, sec. 601; 71 S. C. 170; 66 S. C. 442; 94 S. C. 375; 75 S. C. 235; 186 N. Y. 139; 78 N. E. 715; 116 Am. St. Rep. 545; 200 N. Y. 379; 93 N. E. 937; 21 A. & E. Ann. Cas. 467.

*Mr. Oscar Hodges,* for respondent, cites : Civil Code, sec. 3053; 43 S. C. 398; 58 S. C. 413; 66 S. C. 448; 70 S. C. 137; 89 S. C. 511; 94 S. C. 375; 71 S. C. 170; 104 S. C. 372; 20 A. & E. Enc. of L (2d ed.) 1198 and 1199; 98 Pac. 436; 18 L. R. A. (N. S.) 1238; 61 Iowa 83; 47 Am. Rep. 805; 50 Colo. 623; 115 Pac. 896; 34 L. R. A. (N. S.) 1012; 208 Mass. 190; 94 N. E. 257; 34 L. R. A. (N. S.) 434; 49 Wis. 254; 35 Am. Rep. 779; 41 Vt. 271; 98 Am. Dec. 584; 129 Mass. 534; 37 Am. Rep. 389; 60 Vt. 28; 53 Mich. 98; 51 Am. Rep. 105; 136 Mich. 622; 18 L. R. A. 1238; 78 N. E. 715; 4 Dillon Munc. Corp. (5th ed.), sec. 1647; 116 N. C. 296; 21 S. E. 503.

January 16, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action for damages to the person and to personal property; order sustaining demurrer to the complaint; appeal

by the plaintiff.    There are four exceptions, but only one issue: Does the complaint state a case?   The complaint ought to be reported.

The statute allows an action to (1) "any person who shall receive * * * damages in his person or property (2) through a defect in any street * * * (3) or by reason of defect or mismanagement of anything under the control of the corporation."   The numerals are supplied.

The plaintiff received the damage to his person and to his car; there is no denial of that; but it is denied that the hurt came through a defect in the street.   If the plaintiff has an action, it arises out of those words of the act we have prefaced by the numeral (2), to wit: "through a defect in any street."   These words were recently construed by us in an elaborate opinion, and we there held them to include the keeping of a street in such physical conditions that it will be reasonably safe for street purposes.  *Irvine* v. *Greenwood,* 89 S. C. 511, 72 S. E. 228, 36 L. R. A. (N. S.) 363

The advent of the automobile, like the coming of the locomotive engine, and like a startling application of the laws of nature to any new appliance, is about to change society.   If that device is of inestimable use to men, it is also of great and increasing peril to the people.

We take notice of these facts: That Greenville is a city of some 25,000 or more inhabitants, and that Main street is a great thoroughfare thickly settled and much used by the people.   The amazing allegation of the complaint is that the plaintiff was struck with great force by an automobile running on that street at a terrific rate of speed, probably 75 to 100 miles an hour, which was using said street as a place of practice for hill climbing * * * with the knowledge and consent of the city, its mayor, councilmen and policemen.   That is admitted to be true.

It is suggested by the city that the dedication of the public ways to automobile racing lay wholly outside of the powers

of the corporation, for which act the corporation is not liable. That is another way of saying the corporation is liable if the authorities act within the law, and is not liable if the authorities act without the law. The prime duty of any city is to keep its streets clear for the public travel. The incumbrance of the streets with automobiles running at a dangerous rate of speed, just for practice, is a violation of that prime duty. To answer that the mayor and council had no authority to authorize such use of the streets, is to admit the wrong.

It is true there are decisions from other jurisdictions which sustain this view of the respondent, but they do not commend themselves to our judgment, and they do not express the general rule of law. See cases cited in 28 Cyc. 1356, note 36.

We are of the opinion that the street thus dedicated by the authorities to a hazardous use was not then reasonably safe for prime purposes. We have held the city of Columbia liable in tort under that portion of the statute we have signalized by the numeral (3) for injuries inflicted by its flying fire car bent on a public mission. *Creps* v. *Columbia*, 104 S. C. 372, 89 S. E. 316. Much more ought Greenville to be liable when flying autos imperiled the reasonably safe use of the streets by the people, and when the autos were not in the performance of a public duty.

The further discussion and the differentiation of other cases from other jurisdictions would becloud the issue; and we rest content with the authority and relevancy of those we have cited.

The judgment below is, we venture to think, against the law; and it is set aside, and the cause is remanded for further procedure.

MESSRS. JUSTICES HYDRICK and WATTS did not participate in the consideration of this case.