## 10412

### MOSS v. AIKEN COUNTY.
### LASSITER v. AIKEN COUNTY.

#### (103 S. E. 520.)

1. HIGHWAYS—COUNTY LIABLE UNDER STATUTE FOR DAMAGES CAUSED BY MOTOR TRUCK DRIVEN BY EMPLOYEE.—Where an employee of a county caused a motor truck to suddenly and wrongfully strike an automobile, injuring the automobile and a person therein, the county was liable under the statute imposing liability for defects in public roads.

2. JUDGMENT—FOREIGN JUDGMENT HELD NOT RES ADJUDICATA.—Where a demurrer to an action brought against a South Carolina county in Georgia was dismissed on the ground that the petition stated no cause of action, such action being brought for damages for the wrongful mismanagement of a truck under the control of a county as an action at common law, the South Carolina statute being referred to only to allege the duty of the county in the management of the truck, dismissal of the action by the Georgia Court on the ground that the petition did not state a cause of action was not *res adjudicata* in a subsequent action brought in South Carolina strictly under the statute for a defect in the highway.

3. COUNTIES—NO ACTION AGAINST COUNTY AS GOVERNMENTAL AGENCY AT COMMON LAW.—No action for tort of an employee lies against a county as a governmental agency at common law.

Before RICE, J., Aiken, Summer term, 1919. · Affirmed.

Separate actions by Mrs. Lillian Moss and W. C. Lassiter against Aiken County. From an order overruling a demurrer to complaint striking out the defense of *res adjudicata* in the answer, the defendant appeals.

*Mr. J. B. Salley*, for appellant, cites: *The liability is fixed by statute:* 1 Code 1912, sec. 1972,. for counties; sec. 3053 for cities. *Instances of defects in highway:* 89 S. C.. 519; 71 S. C. 170; 95 S. C. 187. *Liability of city broader than county:* 104 S. C. 372; 106 S. C. 255; 111 S. C. 421; 107 S. C. 508. *County not liable for torts of its officers or agents unless made so by statute:* 2 Hill 572; 14 S. C. 290; 70 S. C. 137; 38 S. C. 282; 100 S. C. 304; 27 S. C. 419; 111 S. C. 13; 87 S. C. 522. *Res adjudicata. When general demurrer is sustained judgment thereon is final:* 6 Enc. P. & P. 352; 4 Rich. 22; 5 Rich. 356; 18 S. C. 316; 93 S. C. 365; 71 S. C. 95; 83 Ga. 441; 90 S. C. 231. *If new trial granted testimony will be introduced to show statute was considered in Georgia hearing:* 34 S. C. 285-289; 34 S. C. 191..

*Messrs. Hendersons* and *John J. Jones,* for respondent, cite: *On liability of county:* 71 S. C. 137; 89 S. C. 520; 106 S. C. 259; 104 S. C. 372; 104 S. C. 508; 43 S. C. 401; 96 S. C. 675. *Question for jury:* 108 S. C. 291: *Res adjudicata:* 71 S. C. 102; Wells on *Res Adjudicata:* Secs. 446, 216, 226, 227; 90 S. C. 229.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

"On the 23d day of March, 1918, the plaintiff, Lillian Moss, of Augusta, Ga., was employed by the plaintiff, W. C. Lassiter, of Augusta, Ga., to send her automobile over into South Carolina and pull into Augusta, Ga., the auto-

mobile of Mr. Lassiter, which had been broken down or become disabled somewhere near the Edgefield county line about North Augusta. As the driver of Mrs. Moss' car, with Mr. Lassiter sitting in the seat by him, were proceeding towards Augusta along the highway leading from Belvedere to Augusta, they met a truck being driven by the agents and employees of the county of Aiken going in the opposite or northerly direction. The complaint alleges that these employees of the county caused the said truck suddenly and without warning to pass into and strike the aforesaid automobile of the plaintiff, and practically destroying it, to her great damage in the sum of $325.

"Mr. Lassiter alleges in his complaint, that by this collision the automobile was overturned, and he was thrown out and received personal injuries, for which he claims damages to the extent of $1,500. Thereafter, the plaintiffs, Lillian Moss and W. C. Lassiter, brought their complaints or petitions in the Superior Court of Richmond county, Ga., against the county of Aiken for damages on account of the said personal injury, and on account of the said injuries to the automobile, and in said actions had a truck of Aiken county attached in Augusta, Ga., to satisfy any judgments they might obtain against the county of Aiken in said actions. The county of Aiken filed a general demurrer to the petitions in said cases, which petitions in Georgia correspond to our complaints in South Carolina. These demurrers to the petitions were duly heard by Judge Henry C. Hammond, of the Superior Court of Richmond county, Ga., and sustained by him on the ground that the said complaints or petitions stated no cause of action against the county of Aiken.

"Thereafter, on or about the 15th day of July, 1918, the plaintiffs brought these two actions against the defendant in the Court of Common Pleas for Aiken county, alleging the same cause of action in each case as was alleged in the

complaints or petitions brought by them in the Superior Court of Richmond county, Ga. The defendants again demurred to the complaints on the ground that they did not state facts sufficient to constitute a cause of action against the county, and also without waiving its demurrers filed its answers to the complaints herein, and set up the plea of *res adjudicata,* alleging that the causes of action set forth in the complaints were the same causes of action brought in the Superior Court of Richmond county, Ga., and that the orders of Judge Hammond, sustaining the demurrers to the petitions or complaints in the Superior Court of Richmond county, Ga., were an adjudication of the rights of the parties, and that they had already had their day in Court, and, consequently, they could not maintain this action. The demurrers herein were argued before Judge Rice, and by agreement of all parties concerned the pleas of *res adjudicata* were also argued before him at the same time the demurrers were heard. Thereafter, Judge Rice filed his order, overruling the demurrer and directing that the pleas of *res adjudicata* be stricken from the answers. From this order overruling defendant's demurrers and dismissing its pleas of *res adjudicata* the defendant appeals, and now asks this Court to reverse the same and to dismiss the complaints."

There are two exceptions; one in reference to the order overruling the demurrer to the complaint, and the other in reference to the order in so far as it overrules the plea of *res adjudicata.*

1. Does the complaint state a cause of action under the statute? It does. The recent case of *Burnett v. City of Greenville,* 106 S. C. 255, 91 S. E. 203, Ann Cas. 1918c, 363, is full authority to sustain the complaint. The appellant claims that the statutes that give a right of action against the counties and municipal corporations are different. That is true, but in so far as they

refer to defects in the streets of the cities and the public roads of the counties are concerned, they are the same. The question in *Burnett v. Greenville, supra,* was for the liability of the city for a defect in the street, and is authority here. The first exception is overruled.

2. Was the former action in Georgia *res adjudicata* in this case? It was not. The former action was brought for damages for the wrongful mismanagement of the truck under the control of the county, and was an action of common law. It is true the South Carolina statute was referred to, but only to allege the duty of the county in the management of the truck. There was no action against the county as a governmental agency at common law, and Judge Hammond, of Georgia, correctly held that the plaintiff had stated no cause of action. The action now before the Court is strictly under the statute for a defect in the highway. The two actions are not the same, and the judgment in the former action is not *res adjudicata.* This exception is overruled. This Court does not see its way clear to allow a further showing on the subject of *res adjudicata.*

The judgment is affirmed.