11367

HIOTT v. TOWN OF WALTERBORO
(119 S. E., 869)

1. MUNICIPAL CORPORATIONS—FIREMAN INJURED IN TOWN'S POWER PLANT CANNOT RECOVER UNDER STATUTE.—A fireman in a town's power plant injured by the blowing out of a cylinder head of a steam engine cannot recover from the town under Civ. Code, 1922,

§ 4478, authorizing actions for injuries caused by defects in the street, etc., because the engine supplied the power to furnish electric lights for the streets.

2. MUNICIPAL CORPORATIONS—PARTY NOT USING STREET WHEN INJURED CANNOT RECOVER UNDER STATUTE.—Where an injured party, whether a member of the public or a city employee, at the time of the injury was not engaged in some legitimate use of the streets, causeways, bridges, or public ways, he cannot recover from the city under Civ. Code, 1922, § 4478, authorizing actions for injuries caused by defects in the streets, etc.

3. MUNICIPAL CORPORATIONS—LIABILITY FOR TORTS STATUTORY.—Municipal corporations are liable for torts only when made so by Statute.

Before SEASE, J., Colleton, March, 1923.    Reversed.

Action by J. F. Hiott against Town of Walterboro. From an order overruling demurrer to the complaint the defendant appeals.

*Messrs. Howell & Fishburne,* for appellant, cite: *Complaint brought under 1 Civil Code, 1912, 3053; Vol. 3 Code 1922, Sec. 4478; section construed:* 43 S. C., 398; 111 S. C., 7; 1 A. L. R., 349; 94 S. C., 375; 104 S. C., 371; 106 S. C., 255; 107 S. C., 505; 89 S. C., 522; 36 L. R. A. (N. S.), 363; 109 S. C., 151; 114 S. C., 382; 20 S. C., 495; 114 S. C., 147; 66 S. C., 442; 58 S. C., 413.

*Messrs. Padgett & Moorer,* for respondent, cite: *Case falls within principle of* 43 S. C., 401; 66 S. C., 448; 58 S. C., 413; 105 S. C., 255; 115 S. C., 29; 89 S. C., 511; 107 S. C., 505; 104 S. C., 116.

December 10, 1923.

The opinion of the Court was delivered by Mr. JUSTICE MARION.

The plaintiff was employed as a fireman or assistant engineer in the power house of the Town of Walterboro. He was injured by the blowing out of the cylinder head of a steam engine installed in the power house and used to produce power with which to operate the electric light plant and waterworks system of the town. He

brought action against the town for damages, alleging, among other things, that the lighting plant was operated "for lighting and making safe its streets for traveling"; that the power house was located within the corporate limits; and that his personal injury was due to the negligence and mismanagement of the defendant (1) in not providing him with a safe place to work, (2) in not properly installing said steam engine, (3) in continuing to operate said defective engine with knowledge of its unsafe condition, and (4) in furnishing, maintaining, and operating an engine which was defective in the manner stated. The defendant demurred to the complaint upon the ground that the cause of action stated did not fall within the provisions of the Enabling Statute, Section 3053, Civ. Code, 1912, now Section 4478, Vol. 3, Code 1922. From an order of the Circuit Court overruling the demurrer, the defendant appeals.

We think the demurrer should have been sustained. The Enabling Statute, above referred to, conferring a right of action for actual damages upon one "who shall receive bodily injury or damages in his person or property, through a defect in any street, causeway, bridge or public way, or by reason of defect or mismanagement of anything under control of the corporation within the limits of any town or city," has been construed by this Court in numerous decisions to limit the liability of the municipality to misfeasance or nonfeasance connected with the keeping of any street, causeway, bridge or public way in proper repair. *Dunn v. Barnwell,* 43 S. C., 398; 21 S. E., 315; 49 Am. St. Rep., 843. *Hutchinson v. Summerville,* 66 S. C., 448; 45 S. E., 8. *Bryant v. Orangeburg,* 70 S. C., 142; 49 S. E., 229. If while engaged in the use of the street, etc., for any legitimate purpose a person sustains injury, through "a defect" in the street, etc., or "by reason of defect or mismanagement of anything under control" of the city, he is entitled to maintain his action against the municipality under the Statute. *Irvine v. Greenwood,* 89 S. C., 511; 72 S. E., 228; 36 L. R.

A. (N. S.), 363.    *Stone v. City of Florence,* 94 S. C., 375;
78 S. E., 23.    *Creps v. City of Columbia,* 104 S. C., 371;
89 S. E., 316.    *Burnett v. City of Greenville,* 106 S. C.,
255; 91 S. E., 203; Ann. Cas., 1918C, 363.    *Sexton v. City
of Rock Hill,* 107 S. C., 505; 93 S. E,. 180.    *Triplett v.
Columbia,* 111 S. C., 7; 96 S. E., 675; 1 A. L. R., 349.
An employee of the municipality, using the street for the
legitimate purpose of repairing the same, injured by a de-
fect in or "mismanagement of anything," such as machinery,
etc., under the control of the municipal corporation, is within
the terms of the Statute.    *Barksdale v. City of Laurens,* 58
S. C., 413; 36 S. E., 661 (steam roller).    *Strait v. Rock
Hill,* 104 S. C., 116; 88 S. E., 469 (rock crusher).    But the
duty for a breach of which the Statute, as heretofore con-
strued and interpreted (see cases above cited), gives a right
of action, is the duty owed by the municipality to maintain
its streets, etc., in a condition of reasonable safe repair.
That duty, manifestly, is owed to the users of the streets.
May one who at the time of his injury is not upon the street
and is making no use of the streets claim the benefits of the
Statute upon the theory that the work in which he was en-
gaged was connected with or contributed to keeping the
streets in a state of repair?

It is the respondent's contention that the complaint
discloses that the work in which plaintiff was engaged
at the time of his injury was connected with the re-
pair of the streets, in that the steam engine he was operating
supplied the power to furnish the electric lights upon which
the adequate lighting of the streets depended (*Sexton v. Rock
Hill, supra*), and hence that plaintiff's case falls within the
principle announced and applied in *Barksdale v. Laurens, su-
pra,* and in *Strait v. Rock Hill, supra.*    In the Barksdale case
the employee was upon the street, using the street for the le-
gitimate purpose of repairing it, at the time of the injury.
In the Strait case it seems to have been assumed that the in-
jured employee was in the legitimate use of the street for a

like purpose.   The point there decided was merely that the city's contention that the Statute gave no cause of action to an employee, but "was intended to protect the pedestrian" or other members of the public using the street for travel, etc., could not be sustained.   Neither of the cases is authority for the proposition that the mere fact that the employee's work is more or less directly connected with the repair of the streets gives such employee the right to assert a cause of action, substantially that of a servant against the master under the doctrine of *respondeat superior,* which right is not conferred by the Statute upon other classes of municipal employees.   Even if limited to such employees, the extent to which the liability of the city would be enlarged in that view is apparent.   If the fireman of the steam engine in a city power house is within the enabling provisions of the Statute because the product of his labor or the instrumentality upon which he works ultimately contributes to keeping the streets in a state of repair, then the man in the stables who feeds the mules that haul material for repairs, the man in the municipal rock quarry or gravel pit who digs out street material, the employee who mends the standpipe containing the water used to flush the street gutters or drains, and many other employees engaged in similar services, would be equally entitled to maintain an action.   But if, as we have seen the duty for a breach of which the Statute confers a right of action is the municipal duty to keep the streets, etc., in repair, then it would seem clear that the class of persons to whom that duty is owed and to whom the right of action is given for a breach of such duty may not soundly be extended beyond those who, whether members of the public or employees of the city, are at the time of injury engaged in some legitimate use of the streets, causeways, bridges, or public ways.

          In the light of the prior adjudications of this Court, construing and applying the Enabling Statute, and of the settled rule that municipal corporations in this

State are liable for torts only when made so by legislative enactment, it follows that appellant's contention that the Statute may not properly be construed to cover liability for the cause of action here alleged must be sustained.

The judgment of the Circuit Court is, accordingly, reversed.

MESSRS. JUSTICES WATTS, COTHRAN and FRASER concur.

MR. CHIEF JUSTICE GARY concurs in the result.