14320

SINGLETON v. CITY OF SUMTER

(186 S. E., 535)

January, 1936.

*Mr. L. D. Jennings,* for appellant,

*Mr. Shepard K. Nash,* for respondent,

June 25, 1936.

The opinion of the Court was delivered by Mr. Justice Baker.

The complaint in this action, freed of detail and unnecessary verbiage, alleges that on August 28, 1935, in the daytime, while the appellant was riding with his daughter in a vehicle drawn by a mule and on the right-hand side of the street in the direction in which he was traveling, a truck of the respondent came meeting the vehicle of the appellant and on its right-hand side of the street, but, when within a short distance of the appellant's vehicle, said truck turned

directly across the street in front of the appellant's vehicle and stopped, leaving the engine of said truck running; that the appellant's mule became frightened, and, when the appellant inquired of the driver of said truck to know if he could drive around said truck, he was advised to do so, and, just as the appellant started to go around, said truck was driven into and against appellant's vehicle, causing the mule to run away, threw the appellant and his daughter out, and so injured one of the appellant's legs that the same had to be amputated just below the knee.

To this complaint, respondent interposed a demurrer upon the ground that the complaint does not state a cause of action against the respondent, in that it does not affirmatively appear that the cause of action alleged in the complaint arises out of any defect in any street, causeway, bridge, or public way of the respondent, or by reason of defect or mismanagement of anything under the control of the respondent in the repair of any such street, causeway, bridge, or public way; nor does it affirmatively appear in said complaint that the injury or damage alleged in the complaint was brought without negligence on the part of the appellant or that appellant did not negligently contribute thereto.

The order of Hon. G. B. Greene, presiding Judge, sustaining the demurrer, after setting forth the grounds of the said demurrer, contains the following:

"* * * This Court is satisfied that the complaint does not set forth a cause of action against the defendant which comes within the provisions of Section 7345, Code of 1932, as construed by the decisions of the Supreme Court.

"The leading case on the question of liability of a municipality is the case of *Reeves v. City of Easley,* reported in 167 S. C., 231, 166 S. E., 120 (supplied), in which case the Supreme Court reviewed practically every case theretofore decided by the Supreme Court on the question here presented, and lays down the very clear rule that a munici-

pality being a political subdivision, can be held liable in tort only upon the ground or grounds permitted by statute.

"The complaint sets forth a cause of action in tort for the negligent driving of a garbage truck by an agent of the City of Sumter. Nowhere in the complaint is it alleged that the negligent operation of this garbage truck by the defendant, or its agent and servant constituted a defect in the streets of Sumter, nor is it alleged or contended that the same constitute a defect or mismanagement of anything under the control of the City of Sumter used in the repair of any street in the limits of the City of Sumter.  *  *  *

"Ordered that the Demurrer herein be, and the same hereby is sustained in all respects and the complaint dismissed."

The appeal is from the above order; it being urged that the Circuit Judge should have held that the complaint stated a good cause of action, in that it is alleged that the plaintiff's injury was caused by the negligence, willfulness, and wantonness of the respondent in the mismanagement of a truck under the control of the respondent (City of Sumter), while said truck was being used in carrying on the corporation's business, and while the plaintiff was lawfully driving on one of the public streets of respondent in a proper and lawful manner.

The appellant, in his printed brief, states that "the only issue in this case is whether the cause of action as alleged in the complaint is covered by Section 7345 of Volume 3 of the Code of Laws of 1932." The portions of this Section (7345) pertinent to the issue are set forth: "Any person who shall receive bodily injury, or damages in his person or property, through a defect in any street, causeway, bridge or public way, or by reason of defect or mismanagement of anything under control of the corporation within the limits of any town or city, may recover, in an action against the same, the amount of actual damages sustained by him by reason thereof.  *  *  *  Provided, The said corporation shall not be liable unless such defect was occasioned by its

neglect or mismanagement: Provided, Further, Such person has not in any way brought about any such injury or damage by his or her own negligent act or negligently contributed thereto."

An action in tort against a municipality can be maintained only by reason of the above statute, and individuals who undertake to maintain an action for damages alleged to have been suffered at the hands of a municipality must bring themselves strictly within the purview of the statute.

This statute was first enacted in 1892 (21 St. at Large, p. 91). The title of the Act when passed by the Legislature was as follows: "An Act Providing for a Right of Action Against a Municipal Corporation for Damages Sustained by Reason of Defects in the Repair of Streets, Sidewalks and Bridges Within the Limits of Such Municipal Corporation."

The first case construing this statute is *Dunn v. Town of Barnwell,* 43 S. C., 398, 21 S. E., 315, 49 Am. St. Rep., 843, and it was there held that the sole purpose of the Act was to give to a person who had sustained an injury by reason of a defect in a street a right of action to recover damages for such injury, and that the words in the statute "or by reason of defect or mismanagement of any thing under control of the corporation" meant mismanagement in making repairs on the streets or mismanagement of something used in connection with the keeping and repair of the streets.

The construction and interpretation of this statute in the case of *Dunn v. Barnwell, supra,* has been followed by this Court, with the exceptions as pointed out by Mr. Justice Bonham, writing the opinion of the Court in the case of *Reeves v. City of Easley,* 167 S. C., 231, 166 S. E., 120, 128, wherein he, in his accustomed manner, most ably reviews and discusses the various cases arising since the *Dunn case,* and reached the conclusion, unanimously concurred in by

the other members of the Court, "that, in order to hold the [a] municipality liable under the act of 1892, that act must be strictly construed, and its terms and conditions strictly complied with; that is to say, it must be shown that the delict complained of must have been due to a defect in the street, etc., or to the defect or mismanagement of something under the control of the municipality, which was connected with the obligation of the municipality to keep its streets in a condition of reasonable safety for the use of those who are entitled to use them legitimately." In view of the full and complete discussion of cases brought under the statute in question in *Reeves v. Easley, supra,* it would be a work of supererogation to again enter upon a discussion of the cases decided by this Court from the *Dunn case* to the *Easley case,* and since the *Easley case* to the present time, even if the same eminent jurist who wrote the opinion in the *Easley case* should undertake the task.

It is contended by appellant that the wording of the statute is sufficiently broad and inclusive to allow the right to a person to maintain an action for any injury inflicted through or by the mismanagement of anything under the control of a municipality, and especially so with the statute sans the title, which has been re-enacted as a portion of the Code. With this position we are in accord, but the Legislature has had notice of the construction and interpretation placed upon this statute by the Court, and has not seen fit to declare its intention otherwise. We cannot assume that the cases of *Creps v. City of Columbia,* 104 S. C., 371, 89 S. E., 316; *Burnett v. City of Greenville,* 106 S. C., 255, 91 S. E., 203, Ann. Cas., 1918-C, 363; and *Sexton v. City of Rock Hill,* 107 S. C., 505, 93 S. E., 180, in view of the cases before and following, lulled the Legislature into the belief that the Courts had broadened the statute sufficiently to meet the modern day and changed conditions where the activities of municipalities have greatly increased and been enlarged, and in the prosecution of which instrumentalities

such as trucks, with capabilities of doing great damage when mismanaged or negligently operated, are used.

We quote from the opinion of Mr. Justice Hydrick in the case of *Triplett v. City of Columbia,* 111 S. C., 7, 96 S. E., 675, 677, 678, 1 A. L. R., 349, and cited and quoted in the *Easley case:*

"Where an individual has suffered injury as the result of a wrong done, natural justice calls for some remedy, and the courts have ever been alert to provide one; hence the boast of the law, which is often pressed upon the attention of courts, that for every wrong there is a remedy. But there is another axiom of practical wisdom equally important to be observed—*hard cases make bad law.* (Italics added.) Not infrequently the hardship of a particular case leads to the strained, if not incorrect, application of sound principles to fit the facts, so as to afford a remedy; and, when the same principles are invoked in similar cases, it is discovered that they lead to results that are exceedingly inconvenient, if not so illogical that they cannot be justified on settled principles of legal liability. * * *

"The courts are not invested with the power to make laws. They should and do keep pace with the progress and development of society by the application of settled principles to new relations and conditions, but in doing this the point is sometimes reached when the power of the court ends and the duty of the legislature begins."

And, following the above, Mr. Justice Bonham said: "If the state desires to surrender for itself and its subdivisions immunity from suit, beyond the degree in which its sovereignty has been abrogated, it has the proper channel through which to accomplish its purpose, viz.: The legislative branch of the government. Certainly it is wholly without the province of the courts to extend that immunity."

We deem it not improper to call to the attention of the Legislature the need of additional legislation if it desires to protect individuals in their person and property against

employees of municipalities negligently operating dangerous instrumentalities under the control of such corporations.

We copy-model from the last paragraph of the Easley opinion, 167 S. C., 231, at page 253, 166 S. E., 120: "This is a hard case. An old Negro has been grievously hurt and lost a leg due to injuries received while lawfully traveling a public street. Naturally one's sympathy is for him. Unfortunately, we, who are charged with declaring the law as it is written, may not permit our sympathies to have sway with us in the performance of this duty."

It is unnecessary to discuss the additional ground on which the demurrer was sustained.

The exceptions of appellant are overruled, and the order sustaining the demurrer to the complaint affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.