15062

GOWAN v. GREENVILLE COUNTY

(8 S. E. (2d), 509)

October, 1939.

The order of Judge Lide follows:

The plaintiff filed suit against the defendant, Greenville County, the complaint alleging that he is an infant, under the age of fourteen years, and that on October 19, 1937, the county, by its agents and servants, was working on a bridge that spans a creek in the village of Greer Mill, and that the county negligently and carelessly, and without proper care and caution to prevent the scattering of rock, and without notice to plaintiff, caused to be exploded large quantities of dynamite for the purpose of placing abutments on the bridge, and that at the time shortly preceding the explosion of said dynamite, the plaintiff was playing near certain community garages, approximately 150 feet from the point where the county was working on said bridge, and

that the plaintiff, upon observing the county workmen running away from where they had been working, ran in a direction opposite from the bridge, reaching the right-of-way of the P. & N. Railway on a pathway much traveled by pedestrians, and, while proceeding along the railway at a point 400 feet from the bridge, plaintiff heard the report from the explosion of dynamite which was set off by the agents of the county, the noise causing plaintiff to look in the direction of the bridge, and at this time a piece of rock being blown by the explosion struck plaintiff on the head, fracturing his skull.

The complaint further alleges that plaintiff's injuries were caused by the negligence of the defendant in failing to give plaintiff notice of its purpos to blast the concrete with dynamite, and in failing to use proper care and caution to prevent the scattering rock in a thickly settled neighborhood.

The defendant demurred to the complaint upon the ground that the facts stated do not constitute a cause of action, in that, the cause of action therein does not fall within the provisions of the enabling Statute, Section 5856, Code of 1932.

Section 5856 of the Code provides: That when a person who shall receive bodily injury in his person through a defect or in the negligent repair of a highway, or bridge, may recover in an action against the county the amount of actual damage sustained by him, provided, the county shall not be liable unless such defect was occasioned by its neglect or mismanagement.

The question presented is whether or not, under the facts stated in the complaint, the plaintiff, who was not a traveler upon the highway, nor legitimately using the street or roadway, and sustains injuries such as set forth in the complaint, can recover against the county for such injuries.

It seems to me that this case is controlled by that of *Hiott v. Town of Walterboro,* 127 S. C., 251, 119 S. E., 869. In

that case the plaintiff was employed as a fireman in the power house of the Town of Walterboro. He was injured by the blowing out of a cylinder head of a steam engine installed in the power house and used to produce power to operate the electric light plant of the town. He brought action against the town for damages, alleging that the lighting plant was operated for making the streets safe for traveling, and that the plaintiff's injury was due to the negligence and mismanagement of the defendant, (1) in not providing him with a safe place to work, (2) in not properly installing the steam engine with knowledge of its unsafe condition, and (4) in furnishing an engine which was defective in the manner stated.

In the *Hiott case* the trial Court overruled a demurrer, which order was reversed by the Supreme Court. There the Court uses this language: "If while engaged in the use of the street   *   *   *   for any legitimate purpose a person sustains injury, through 'a defect' in the street   *   *   * or 'by reason of defect or mismanagement of anything under control' of the city, he is entitled to maintain his action against a municipality under the statute."

The Court also uses the following language: "But the duty for a breach of which the statute, as heretofore construed and interpreted   *   *   *, gives a right of action, is the duty owed by the municipality to maintain its streets   *   *   *   in a condition of reasonably safe repair. That duty, manifestly, is owed to the users of the streets."

The Court also says, at page 255 of 127 S. C., at page 870 of 119 S. E.: "But if, as we have seen, the duty for which the statute confers a right of action is the municipal duty to keep the streets   *   *   *   in repair then it would seem clear that the class of persons to whom that duty is owed and to whom the right of action is given for a breach of such duty may not soundly be extended beyond those who, whether members of the public or employees of the city, are at the time of injury engaged in some legitimate use of the streets, causeways, bridges, or public ways."

This case clearly lays down the doctrine that in order for a person to recover against a municipality, under the statute, he must, at the time of his injury, be engaged in the legitimate use of the streets or roads. Clearly, the complaint does not so state that the plaintiff at the time of his injury was using a road of the county. On the contrary, it clearly states that at the time of his injury he was playing at a garage and then was running away from the garage, and was on the right-of-way of a railroad company.

In the case of *Youngblood v. Town of York,* 135 S. C., 337, 134 S. E., 1, the plaintiff brought action for personal injuries alleged to have been sustained while employed by the town as a laborer in the water and light department. The plaintiff's injuries were caused by the breaking of an electric light pole on which he was working. It appeared that the light pole, although belonging to the town, was situate on private property, and not on any streets of the town. The Court held that plaintiff should be nonsuited.

The plaintiff relies upon the case of *Scott v. Richland County,* 83 S. C., 506, 65 S. E., 729. This was a case, however, for damages to land caused by the raising of the grade of a highway. I think the *Scott case* in clearly differentiated from the one at bar. The *Scott case* is similar to the line of cases such as the *Chick Springs Water Company v. Highway Department,* 159 S. C., 481, 157 S. E., 842, in which the Court holds that, irrespective of statute, if property is taken compensation must be paid for same under Article 1, Section 17, of the State Constitution, which reads that: "Private property shall not be taken for private use without the consent of the owner, nor for public use without just compensation being first made therefor." This section of the Constitution is self-executing.

While two of the cases above cited relate to the enabling statute referring to municipal corporations (Section 7345), because the fundamental principle is the same, yet it should be observed that the municipal statute contains the words

"by reason of defect or mismanagement of anything under control" of the city; and no such provision is found in Section 5856 the enabling statute as to counties, and controlling here. Indeed, it seems to me that independent of authority the plain language of this section is sufficient to show that it covers only damages arising from a defective highway, due to a defect therein, or to the fact that the same was negligently repaired.

My opinion is that Section 5856 of the Code of 1932 is not broad enough to cover plaintiff's injuries when he was not at the time in the legitimate use of the roadways of the county. I, therefore, sustain the demurrer and dismiss the complaint.

*Messrs. I. T. Tigert* and *H. K. Townes,* for appellant,

*Mr. Wilton H. Earle,* for respondent.

April 10, 1940.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

Appellant's exceptions to Judge Lide's decree are without merit. We adopt the Circuit order, which will be reported, as the opinion of this Court.

MR. CHIEF JUSTICE BONHAM, MR. JUSTICE FISHBURNE and MR. ACTING ASSOCIATE JUSTICE E. H. HENDERSON concur.

MR. ACTING ASSOCIATE JUSTICE J. HENRY JOHNSTON concurs in result.

MR. ACTING ASSOCIATE JUSTICE J. HENRY JOHNSTON (concurring in result):

I concur in the result, but only because I am bound by a line of decisions of this Court, extending over a period of many years, which hold in substance that the enabling stat-

ute in question (Section 5856 of the Code of 1932) was enacted for the benefit only of travelers upon the highway.