9760

SEXTON v. CITY OF ROCK HILL *ET AL.*

(93 S. E. 180.)

1. TRIAL—VERDICT—SEVERANCE AS TO PARTIES—SEVERAL LIABILITY.—
In an action for personal injuries received in a collision between
plaintiff's bicycle and automobile, where city is charged with failure
to light street at and near place of accident, and other defendants
are charged with operating an automobile with reckless speed with-
out lights and without signal, the tort is several, not joint, and the
jury may find city guilty and acquit other defendants.

2. MUNICIPAL CORPORATIONS—DEFECT IN STREETS—NEGLIGENCE—SUFFI-
CIENCY OF EVIDENCE.—In an action against a city to recover for per-
sonal injuries received in collision caused by defective condition of
street, where city which owned electric light plant had failed on
night of accident to light a lamp at the crossing of two much-traveled
streets, the jury might reasonably infer that city had been negligent.

3. MUNICIPAL CORPORATIONS—"DEFECT IN STREET"—"MISMANAGEMENT"—
DUTY TO LIGHT.—The negligent failure by a city owning an electric
light plant to light an electric lamp at the crossing of two much-
traveled streets constitutes a "defect in the street" and a "misman-
agement" of the lamp, so as to render it liable, to one who suffers
personal injuries in collision caused by such neglect between his
bicycle and automobile.

Before MAULDIN, J., York, December, 1916.    Affirmed.

Action by Tom Sexton against the City of Rock Hill and
others.  From judgment against the city, it appeals.

*Messrs. Dunlap & Dunlap* and *J. Harry Foster,* for appel-
lant.  *Messrs. Dunlap & Dunlap* submit: *There was no
duty to light the street:* 82 S. C. 656; L. R. A. 1915a, 325;
74 S. E. 811.  *Keeping in repair:* 89 S. C. 511; 72 S. E.
288; 36 L. R. A. (N. S.) 363; 69 S. C. 592; 66 S. C. 256;
88 S. C. 583.  *Statutory liability:* Civil Code, sec. 3053.
*Law of the road:* Civil Code, sec. 2157.  *Contributory neg-
ligence:* 93 S. C. 382; 90 S. C. 459; 91 S. C. 542; 92 S. C.
80.  *Violation of ordinance negligence per se:* 84 S. C. 536.
*Ordinance respecting roads:* Civil Code, sec. 2994.  *Request
to charge:* 100 S. C. 204.  *Cause of accident:* 82 S. C. 45.

FOOTNOTE.—As to duty of municipality to light streets, see notes in
20 L. R. A. (N. S.) 686 to 689.

*Mr. J. Harry Foster,* also for appellant, submits : *There was no joint tort nor concurrent negligence:* 104 S. C. 266; Civil Code, sec. 3053; 137 Am. St. Rep. 445. *Defects in street:* 64 L. R. A. 70; 182 Mass. 313; 65 N. E. 397; 65 L. R. A. 234; 57 Atl. 305; 39 L. R. A. 488; Thompson Negligence, secs. 1339, 6265; 44 Atl. 918; 97 Am. St. Rep. 321; 57 N. E. 688; 13 L. R. A. (N. S.) 1167. *No notice to municipality of defect:* Thompson Negligence, secs. 5966, 5969, 5973 and 5974; McQuillan Munc. Corp., sec. 2807; 69 S. C. 529; 66 S. C. 256; 75 S. C. 103; 72 S. C. 402; 18 S. C. 275; 34 S. C. 211; 35 S. C. 405; 66 S. C. 256; 39 S. C. 39; 81 S. C. 478; 88 S. C. 553; 59 L. R. A. 785; 89 S. C. 511; 91 S. E. 203. *Issue of law:* 45 S. C. 402. *Duty to light streets:* 25 Am. Rep. 409; 8 Am. Rep. 327; 106 Mass. 275; 94 Ga. 483; 53 L. R. A. (N. S.) 325; 15 A. & E. Enc. L. (2d ed.) 441; McQuillan Munc. Corp., sec. 2806; 129 N. W. 808; 150 Iowa 141; Dillon Munc. Corp., sec. 1010, p. 1268; 46 L. R. A. (N. S.) 229; 13 L. R. A. (N. S.) 1166; 59 S. E. 992. *No negligence:* 69 S. C. 529; 66 S. C. 256.

*Messrs. Spencer, Spencer & White* and *Thomas F. McDow,* for respondent, submit : *The street was defective and the city mismanaged the light controlled by it, either or both of which made it liable:* 89 S. C. 511; Civil Code, sec. 3053; 40 S. E. 37; 43 L. R. A. (N. S.) 862; 42 Ill. 169; 51 App. Div. (N. Y.) 394; 146 N. C. 447; 13 L. R. A. (N. S.) 1166; Dillon Munc. Corp., sec. 1701; 66 S. C. 448; 89 S. C. 520; 70 S. C. 140. *Contributory negligence:* 31 Am. Rep. 726; 31 Gratt. 271; 149 Cal. 69; 104 S. C. 116 and 372. *Proximate or intervening cause:* 101 S. C. 23. *Excessive verdict:* 56 S. C. 372; 71 S. C. 174; 78 S. C. 556; 88 S. C. 90; 85 S. C. 469, 470.

July 13, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action for tort to the person. Verdict for the plaintiff against the city of Rock Hill for $3,500. Appeal by the city.

The accident happened on this wise: The plaintiff, a young man 26 years old, was riding on a bicycle in the very early morning going to his work in a cotton mill. He was going north on Railroad avenue in the city of Rock Hill, a community of some 10,000 souls. When he reached a point where the avenue is crossed by White street, he turned west to go along White street. Just then an auto car owned by Holler & Hailey, and driven by one Romedy, was running in the avenue and going south. Well-nigh in the center of the two ways the car ran into the bicycle and seriously injured the rider of it.

The only act of negligence charged against the city was its failure to light the street at and near the place of the accident. The acts of negligence charged against the other defendants are now irrelevant, since the jury has acquitted them by its verdict.

The place of the accident was on a much-frequented thoroughfare leading from the railroad passenger station south to the city's main street, and it was within a block of the station.

There is no need to consider in order all the 14 exceptions; they do not make nearly so many issues. About some of the issues we shall not say much, because issues of like character have long since been settled. Of such are the exceptions which charge that the damages are excessive, and that the accident was caused by the negligence of the plaintiff. We find in the record no occasion to review the judgment on those grounds. And the same is true with reference to the exception that the Court did not explain to the jury what section 3053 of the Code of Laws meant. The language of that section is plain enough. It was read to the jury, and that was sufficient. A jury is often "confused in words." The Court also made it plain to the jury that the

city is not ordinarily liable in damages for tort; that its liability in a case like this rests on the words of the statute which prescribes its duty and makes it responsible for a neglect to perform the duty.

There is no force either in the exception that the accident was caused solely by the negligence of Holler & Hailey's driver, nor in the exception that the acquittal of those defendants amounts in law to an acquittal of the city.

The delict charged against the city was of a totally different character from that charged against Holler & Hailey. The two delicts spring from different sources, and there was no sort of relationship betwixt the city and Holler & Hailey. The jury, therefore, might well have found from the evidence that one delict was proven and the other delict was not proven.

It is true the sixth paragraph of the complaint does allege the conclusion that the tort was joint; but the fourth and fifth paragraphs of the complaint allege circumstances which show that the torts were altogether several. The city was charged with maintaining a defective street. The other defendants were charged with operating an auto with a reckless speed, without lights and without signal.

The appellants say again that a nonsuit ought to have been granted: (1) Because, if there was no electric light aflame at the locus, yet there is no evidence that such a condition was caused by the city's negligence; and (2) because there is no proof that the city mismanaged the lighting plant.

It was admitted in the record that the city owned the electric light plant. There was testimony tending to prove that an electric lamp was suspended at the crossing of the two aforementioned streets, and that the lamps had been unlighted for at least five nights before the event. Considering the place and all the circumstances, a jury might reasonably infer that the city had failed to exercise ordinary care in the premises.

We come now to a consideration of the appellant's last postulate, and that is the city was under no duty to light the locus, and a failure to do so did not constitute a "defect in a street," and was not a "mismanagement of anything under control of the corporation." It would be a fruitless task to recite the many divergent conclusions which the Courts of the many States have reached about a city's liability for torts of the character which the instant case illustrates. When many of the decisions were made there were no electric lamps capable of instant ignition over the total area of a city by the sudden movement of a lever; there were no bicycles; and there were no ponderous, perilous and swift-moving cars driven by licensed and unlicensed persons, and propelled by their own engines along the country's highways, by day and by night. These circumstances might call for the lighting of much-traveled highways in thickly settled communities. Duties spring out of obligation and circumstance. The first is unchanging law, and the second is ever-changing facts. The failure to so light might under the circumstances render the way "defective."

A subterraneous roadway might be constructed and maintained in faultless fashion; but, unless it was lighted, it would be defective, it would be "lacking in some particular which is essential to the completeness of" a way. Black's Law Dic. 343. A roadway above ground, if subject to the same perils as one under ground, would be in like need of light; and, if the need was not supplied, the roadway would be defective. And beyond all peradventure, when the lighting plant belonged to the city, and the city saw the need of a lamp at the locus in question, and put the lamp there, and lighted it on occasion, then a negligent failure to light it on the instant occasion would be a "mismanagement" of the lamp.

The case is well within that of *Irvine* v. *Greenwood,* 89 S. C. 520, 72 S. E. 228, 36 L. R. A. (N. S.) 363.

Our judgment is that the judgment of the Circuit Court is affirmed.

Mr. Chief Justice Gary and Messrs. Justices Watts and Fraser concur.

Mr. Justice Hydrick concurs in the result.