## 10004

### SHARP v. HUGGINS.

### (96 S. E. 256.)

Before RICE, J., Lexington, Fall term, 1917. Appeal dismissed.

Statement: This action was commenced in August, 1916, to recover of the defendant a balance of seven hundred dollars, due on the purchase price of a tract of land, which plaintiff had formerly sold her for the sum of one thousand dollars, as stated in the deed (f. 21), and on which she had paid three hundred dollars at the time of the sale. The defendant employed Mr. James H. Fanning to answer the complaint, and the case was regularly docketed for trial and put on the roster for the February term, 1917 (f. 26). The case was reached for trial on February 12th, but the defendant's counsel was not present, and it was continued until the next morning, the 13th, when it was called for trial, and neither the defendant nor her counsel being present, the case was tried and a verdict rendered in favor of the plaintiff for seven hundred dollars, and judgment duly entered thereon. On February 24th, defendant served notice through her then attorney, Mr. R. Y. Kibler, that she would make a motion for a new trial before Judge Wilson,

at Saluda.   On objection from plaintiff's attorney that the
motion could not be heard except in open Court, the matter
was continued and heard before Judge Rice, at Lexington,
in open Court, on November 28, 1917, at which time he
made an order (f. 30) refusing the motion.

It will be noticed that there is no evidence in the record
nor before Judge Rice as to why her attorney was not
present at the trial.

The affidavit of the defendant (f. 13) is to the effect that
she had employed Mr. Fanning as her attorney, and that her
children were sick about the time of the trial, and that she
had no notice whatever of the time of the trial, and that her
failure to attend the trial was due to no fault of hers.

She introduced also affidavits from Dr. Webb, Dr. McEl-
veen and Ernest Jones (page 5), supporting her point that
her children were sick about the time of the trial.

The deed before Judge Rice at the time, and on which
the action was brought, is set out in full (on page 6), and
in that the consideration is stated at one thousand dollars,
and in the complaint it is alleged that three hundred dollars
of this had been paid to the plaintiff at the time of the sale.

The affidavit of plaintiff's attorney (page 7) is to the
effect that the case was put on the roster for trial and was
reached in due course, on February 12th, and that defend-
ant's attorney was notified some days before that the case
was on the roster for trial on that date.   On the morning
of the 12th, neither attorney nor client appeared, and at his
instance, the case was continued until the 13th.   During the
12th, he tried to get in communication with Mr. Fanning
over the phone, and succeeded in getting his wife, who
informed him that Mr. Fanning was in town, and that she
would inform him of the message, and get him to phone in
reference to it.   He having heard nothing, late in the after-
noon wired Fanning that the case would be called Tuesday
morning, the 13th, and upon inquiry at the telegraph office
was informed that the telegram had been delivered.   No one

appearing the next morning, the case was ordered to trial, with the result as stated above.

*Mr. R. Y. Kibler,* for appellant, cites: Code of Procedure of 1912, sec. 225; 27 L. R. A. (N. S.) 858; 106 N. C. 297; 71 S. E. 257; 101 N. C. 103; 7 S. E. 661; 28 Wend. 152; 107 S. C. —; 93 S. E. 243.

*Mr. C. M. Efird,* for respondent, cites: 51 S. C. 405; 64 S. C. 343; 46 Fed. Rep. 569.

June 27, 1918.

The opinion of the Court was delivered by Mr. Justice Watts.

This is an appeal from an order of Judge Rice refusing to set aside a judgment and to grant a new trial. The exceptions are overruled under the authority of *Gales v. Poe,* 107 S. C. 483, 93 S. E. 180, and appeal dismissed.