DUNN v. TOWN OF BARNWELL.

1. A MUNICIPAL CORPORATION IS NOT LIABLE to a civil action for damages at the suit of an individual who has sustained an injury, either in person or in property, by reason of a failure on the part of the corporation to keep

its streets in proper repair, as required by its charter, in the absence of a statute imposing such liability.

2. IBID.—A STATUTE entitled "An act providing for a right of action against a municipal corporation for damages sustained by reason of defects in the repair of streets" within its limits, and which in its body gives a right of action to any person who shall receive injury in his person or property through a defect in any street by reason of defect or mismanagement of anything under control of the corporation within the limits of any town, provided the said corporation shall not be liable unless said defect was occasioned by its neglect or mismanagement, gives no right of action for any nonfeasance or misfeasance, except such as was connected with the keeping of the streets in proper and safe repair.

3. IBID.—Where a municipal corporation is liable only for defects in repair of streets, a complaint against a town to recover damages for injury sustained by plaintiff's horse, as a result of a booth erected in the street, causing the horse to be frightened, there being "an apparent safe way along said street at said time" over which the horse could have safely passed but for the fright which the horse took at the goods displayed for sale in the booth, does not state a cause of action.[1]

Before TOWNSEND, J., Barnwell, July, 1894.

Action by Uriah Dunn against the Town Council of Barnwell.

*Mr. James E. Davis,* for appellant.

*Messrs. Bellinger, Townsend & O'Bannon,* contra.

March 26, 1895.   The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.   The sole question presented by this appeal is, whether the Circuit Judge erred in sustaining a demurrer to the complaint, based upon the ground that the facts stated therein are not sufficient to constitute a cause of action.   To determine this question, it is necessary first to ascertain what are the facts stated in the complaint.   Omitting the merely formal allegations, these facts are substantially stated: 1st. That it is made the duty of defendants to keep the streets of the town "in good order, to cause to be removed therefrom all obstructions of whatever kind, so that persons traveling thereon might pass and repass with safety."   2d.

---

[1] See note to Schaeffer *v.* Jackson Township, 18 L. R. A., 100.

That a certain street in said town, known as Main street, "was, and is, much used by the citizens thereof and the public generally, so much so that said duty of said defendants becomes a matter of public concern." 3d. That on the 23d of September, 1893, the defendants "negligently allowed to be placed and maintained in said street, at a point where the same was very narrow, a dangerous obstruction, commonly called a booth, or long table, on which they allowed persons to display goods, wares, and merchandise for sale, and by maintaining the same there the said street was rendered unsafe to persons riding or driving thereon." 4th. That on the day above mentioned, "the defendants negligently allowed the narrow pass in said street, caused as aforesaid, to be thronged with vehicles of various kinds, and to remain therein for an unreasonable time, and the plaintiff, who was at the time the owner of a valuable horse, of the value of one hundred and fifty dollars, and while the same was being ridden along said street, without any fault on the part of the plaintiff, and while attempting to ride between said throng and booth, or table, as aforesaid, which was the only apparent safe way along said street at said time, the said horse became greatly frightened at the flaming goods displayed at and upon said table, and ran against the point of a buggy shaft, which was congregated in said street as aforesaid, seriously injuring said horse and causing its death, to the damage of the plaintiff one hundred and fifty dollars."

Inasmuch as it is the settled law of this State that a municipal corporation, charged by its charter with the duty of keeping in proper repair the streets or public highways within the corporate limits, is not liable to a civil action for damages at the suit of an individual who has sustained an injury, either in person or property, by reason of a failure on the part of the corporation to perform such duty, in the absence of a statute imposing such liability, we must next inquire whether we have any statute upon the subject, and if so, what are its terms.

The statute referred to, and relied upon by the appellant as authorizing this action, is the act of 1892, 21 Stat., 91, incorporated in Revised Statutes of 1893 as section 1582.

2  The terms of that statute are as follows: "That any person who shall receive bodily injury or damage, in his person or property, through a defect in any street, causeway, bridge, or public way, or by reason of defect or mismanagement of any thing under control of the corporation, within the limits of any town or city, may recover in an action against the same the amount of actual damage sustained by him by reason thereof.  If any such defect in a street, causeway, or bridge existed before such injury or damage occurred, such damage shall not be recovered by the person so injured, if his load exceed the ordinary weight: Provided, the said corporation shall not be liable unless said defect was occasioned by its neglect or mismanagement."  The second proviso, relating as it does to contributory negligence, not being pertinent to the inquiry, need not be set out.  It is apparent from the title of this act, as well as from the terms used in the body of the act, that the sole purpose was to give a person who had sustained an injury *by reason of a defect in a street,* a right of action to recover damages for such injury.  The title of the act is as follows: "An act providing for a right of action against a municipal corporation for damage sustained by reason of defects in the repair of streets, sidewalks, and bridges, within the limits of said municipal corporation," and it is manifest that the purpose thus declared in the title was adhered to in the body of the act, especially from the language used in the proviso above set out, where it is declared that the corporation should not be liable, *"unless said defect was occasioned by its neglect or mismanagement;"* indicating very clearly that the term "mismanagement," as used in a previous part of the act, meant mismanagement in making repairs on the streets, so that the corporation should be held liable not only for neglect in making the repairs on the streets, but also for mismanagement of anything under the control of the corporation *in making such repairs.*  There is nothing whatever in the act indicating an intention on the part of the legislature to make a municipal corporation liable for any other nonfeasance or misfeasance on its part, except such as was connected with the keeping of the streets, &c., in proper and safe repair.

26—43

Now in this case it is very apparent that there is no allegation in the complaint that the injury complained of arose from, or was caused by, any neglect or mismanagement on the part of the defendants in keeping the streets of the town in proper and safe repair. On the contrary, the allegation is that the injury resulted from the fright taken by plaintiff's horse at certain objects exposed for sale in the streets of the town, and was not in anywise due to any fault of defendants in allowing any defects in the street to remain unrepaired, or any mismanagement in making such repairs. On the contrary, one of the allegations in the complaint is that there was an "apparent safe way along said street at said time," over which plaintiff could have safely passed, but for the fright which his horse took at certain goods, wares, and merchandise displayed for sale. This does not give the plaintiff any cause of action either under the statute or at common law, as has been held by this court in several cases, when called upon to construe a previous statute of similar tenor, so far as the present question is concerned, though differing in some other respects not pertinent to the present inquiry. See what is said in *Acker* v. *County of Anderson*, 20 S. C., at page 495, where, though the point was not decided, because not necessary to that case, yet a very strong intimation is thrown out in favor of our view. See, also, *Brown* v. *Laurens County*, 38 S. C., 282, and *Mason* v. *County of Spartanburg*, 40 S. C., 390, where the point is decided. The cases from Massachusetts and Maine, cited by respondent's counsel, seem to support the same view.[1]

The judgment of this court is, that the judgment of the Circuit Court be affirmed.

[1] *Cook* v. *Charlestown*, 98 Mass., 80; *Bowes* v. *City of Boston*, 155, *Id.*, 345; *Farrell* v. *Oldtown*, 69 Me., 72; *Spaulding* v. *Winslow*, 79 *Id.*, 528.