## LAND v. SOUTHERN RY.

1. RAILROADS—PRESUMPTIONS — NEGLIGENCE—EMPLOYEES—CONSTITUTION.—Art. IX., sec. 15, of Constitution, does not confer on employees the right of presumption of negligence from fact of killing by railroad.

2. RAILROADS—NONSUIT.—Where the allegations are that defendant was negligent in handling and overloading a freight train, in making connections, &c., and the proof supports the allegations and shows that the flagman was killed by a train running in the opposite direction from the one he was sent to flag, no negligence being alleged as to this train, nonsuit was properly granted.

Before GARY, J., Greenville, July, 1902. Affirmed.

Action by W. L. Land, administrator of J. J. Land, against Southern Railway. From judgment of nonsuit, plaintiff appeals.

*Messrs. Adam E. Welborn* and *C. J. Hunt,* for appellant. The former cites: *Rule as to granting nonsuit:* 3 S. C., 9; 18 S. C., 537; 22 S. C., 4; 24 S. C., 436; 25 S. C., 132; 26 S. C., 189; 29 S. C., 318; 38 S. C., 208; 41 S. C., 158, 419; 42 S. C., 454; 46 S. C., 215; 50 S. C., 37; 51 S. C., 150; 55 S. C., 179; 58 S. C., 253; 60 S. C., 10; 61 S. C., 473; 62 S. C., 135; 63 S. C., 376. *Negligence is presumed from fact of killing:* 9 Rich., 89; Con., art. IX., sec. 15; 52 S. C., 438; 56 S. C., 446; 60 S. C., 10; 61 S. C., 468.

*Mr. T. P. Cothran,* contra, cites: *Defendant not being negligent in acts alleged, plaintiff cannot recover:* 21 S. C., 469; 58 S. C., 493. *Nor if they were not the proximate case:* 8 Am. Neg. R., 595.

August 3, 1903. The opinion of the Court was delivered by

MR. JUSTICE WOODS. J. J. Land, plaintiff's intestate, was employed by defendant as a brakeman and flagman. On September 19th, 1900, he was acting in that capacity on freight train No. 71, running from Greenville, S. C., to Atlanta, Ga. This train, in consequence of being overloaded, could not make its schedule time, and stalled upon a mountain grade near Ayersville. Land was sent back by the conductor to flag No. 65, another freight train, approaching from the same direction. The conductor left the flagman, took a portion of his train to Lula, Ga., and returned with the engine for the remainder. After attaching the engine to the remaining cars, he gave the whistle signal for Land to return; but on account of curve could not see whether he had reached the train.. He waited from three to five minutes, then remarked he supposed Land had had time to catch the rear car, and ordered the train forward. The rules of the company require the flagman in such cases to go back a half mile to signal approaching trains. On the return trip to Lula, train 71 passed No. 72, another freight train, on the side track at Cornelia, four or five miles from

the point on the road to which Land had been sent. After No. 71 passed it, No. 72 proceeded in the opposite direction, and ran over and killed Land. In the meantime, No. 65, the train which he had been sent back to signal, had stopped at Ayersville to allow No. 72 to pass. In consequence of the retarded progress of No. 71 from overloading, none of these trains passed each other at the places designated on the schedule. After No. 72 had gone on its way to Greenville, No. 65 moved out in the opposite direction, and its conductor found the remains of Mr. Land in a cut at about the distance from the place where the rear car of the stalled train No. 71 had stood that the rules of the company required him to go. The head was found on one side of the road and the mangled body about one hundred yards further on the other side. These are substantially the facts proved by the plaintiff. The Circuit Judge ordered a nonsuit on the ground that there was an entire failure to connect the acts of negligence of the defendant alleged and proved with the death of plaintiff's intestate as a proximate cause. The plaintiff appeals from this order.

There is no allegation and no proof of negligence on the part of those who had charge of train No. 72, by which Land was killed. Nobody saw the accident, and no witness could tell how it occurred. The fact that the body of the flagman was found at about the place he should have been on the watch, seems to indicate he did not hear the signal to return, or for some reason did not attempt to respond to it. Whether he fell inadvertently asleep from exhaustion, as defendant suggests, or being intent on his duty of watching for the train he had been sent to signal, he did not hear the signal to return, and did not see or hear the train approaching from the opposite direction, it is impossible to say. The plaintiff contends negligence is presumed from the mere fact of defendant's killing a flagman, insisting that in this regard employees stand in the same position as passengers, under the Constitution of 1895, article IX., section 15 : "Every employee of any railroad corporation shall

have the same rights and remedies for any injury suffered by him from the acts or omissions of said corporations or its employees as are allowed by law to other persons not employees, when the injury results from the negligence of a superior agent or officer, or of a person having a right to control or direct the services of a party injured, and also when the injury results from the negligence of a fellow-servant engaged in another department of labor from that of the party injured, or of a fellow-servant on another train of cars, or one engaged about a different piece of work, etc." It is very clear this section confers a right, it does not create a presumption or a rule of evidence. Before the adoption of the Constitution of 1895, employees could not recover for injuries resulting from negligence of fellow-servants. In this respect they belonged to an excepted class, passengers being at the other end of the line, and exceptionally favored. Putting employees in the same position as all other persons, does not place them in the position of a specially favored class of persons. Hence there is no foundation for the position that they are in the same class as passengers.

Taking the view of the evidence most favorable to plaintiff, he proved negligence of defendant: (1) In overloading train No. 71, on which Land was working; (2) in careless management of trains, in view of having an overloaded train to take care of and prevent accident from its operation, this carelessness being indicated (a) by shifting the meeting points of trains, and (b) by not waiting long enough with train No. 71, after giving the signal, to allow the flagman to return to the train. Neither the overloading of the train nor the shifting of meeting points of trains, can be regarded in any sense the cause of the accident. The most that can be said of these alleged acts of negligence is, that they produced conditions which made it necessary for the flagman in the discharge of his duty to signal another train that his train was in the way of its progress. There was not the slightest reason for the conductor who ordered the flagman back to suppose he would

incur any unusual peril in performing this duty. Nor was leaving the flagman without giving adequate time for him to return the proximate cause from which his death naturally resulted. The plaintiff proved the signal to return was duly given as required by the rules. This signal released the flagman from his station, and if he regarded it and started back to his train, he could not have failed to discover it had left, and that his duty to protect it from any other train was at an end. Before No. 72 reached him, the conductor of No. 71 had by the signal made him free to look out for his own safety. If he had been left in an uninhabited mountain in freezing weather, the danger being manifest, if death had come from cold, the negligence of leaving him might then be regarded the natural and proximate cause, so as to make the defendant liable; but being run over by another train is not a result to be anticipated from leaving him. If this occurs, it must be due to some independent carelessness or inevitable accident. The evidence is conclusive that the death of the flagman was too remotely connected with the negligence alleged and proved for this negligence to be regarded the proximate cause, and for this reason the nonsuit was properly granted. *Glenn* v. *R. R. Co.,* 21 S. C., 470; *Davis* v. *R. R. Co.,* Ib., 105; *Hill* v. *R. R. Co.,* 31 S. C., 397, 10 S. E., 91; 21 Am. & Eng. Ency., 495. Having reached this conclusion, it is unnecessary to consider separately defendant's exceptions to the refusal of the Circuit Court to sustain the demurrer to the complaint.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.