7703

### FINCH v. ATLANTA & CHARLOTTE AIR LINE RY.

CHARGE—NEGLIGENCE—MASTER AND SERVANT.—An instruction to the effect that the jury may infer negligence from failure of master to bring forward all his employees who know anything about injury to an employee to testify as to it, is a charge on the facts.

Before ALDRICH J. Oconee November Term 1909. Reversed.

Action by S. M. Finch, administrator of Carl Finch against Atlantic and Charlotte Air Line Ry Co. From judgment for plaintiff, defendant appeals.

*Mr. J. P. Carey* for appellant cites: *No negligence:* 57 S. C. 209; 72 S. C. 394; 57 S. C. 254; 67 S. C. 290. *Error in chorge:* 21 S. C. 470; 34 S. C. 450; 67 S. C. 290; 85 S. C. 216.

*Mr. E. L. Herndon,* contra, cites: *There was proof of negligence:* 75 S. C. 162; 83 S. C. 103; 161 Ind. 393; 7 A. & E. Ann. Cas. 190; 29 L. R. A. 104; 13 L. R. A. N. S. 1214; 32 Mich. 570; 87 Tex. 144. *It is duty of engineer to keep a constant lookout:* 61 S. C. 560; 57 S. C. 243; 58 S. C. 70; 70 S. C. 192. *Duty to employees:* 4 A. & E. R. R. Cas. N. S. 542; 32 Mo. App. 413; 130 Ind. 170; 114 Ill. 57; 33 Md. 542; 31 Mich. 274; 106 Mass. 461; 7 Hun. 84; 32 N. Y. 333; 4 Hun. 159; 101 Ill. 93; 44 Wis. 638. *Duty of defendant to produce evidence:* 55 S. C. 392; 16 How. 273; 52 Am. Dec. 727; 22 Am. St. R. 848; 46 Am. St. R. 63; 29 L. R. A. 104; 83 S. C. 325. *Charge is correct:* 22 Ency. 1256, 1233; 160 U. S. 383; 1 Am. & Eng. R. Cas. 60; 7 S. C. 170; 70 S. C. 183.

October 29, 1910.  The opinion of the Court was delivered by

Mr. Justice Woods.    Before daylight on the morning of the 22d of July, 1907, the caboose on defendant's freight train was derailed at Crosswell Station.    In accordance with the rules of the defendant company, Carl Finch, a brakeman, went back some distance, having in his hands a white light, a red light and a fusee, to warn approaching trains of the obstruction.    After getting the caboose back on the track, the engineer gave the whistle signal for the brakeman to return.    Finch did not respond to the signal, and as he was alone no direct evidence of the cause of his failure to return could be offered.    The conductor testified that in order to release another train he was obliged to proceed.    A fast passenger train Number 44, going in the opposite direction towards Greenville, passed Number 71 at Crosswell.    After daylight the dead and mutilated body of Finch was found by the crew of Number 39 at the point on the track where he had gone to signal.

The plaintiff, as the administrator of the estate of Carl Finch, in this action recovered a judgment against the defendant railroad company for damages, under the allegation that the death of his intestate was caused by the negligence, wilfulness and wantonness of the defendant, (1) in failing to furnish sufficient help for the operation and management of its trains, (2) in failing to promulgate and enforce proper rules for the protection of the employees engaged in operating its trains, (3) in causing and permitting Finch to work almost constantly and without sufficient rest until he was exhausted by overwork and want of rest, and (4) in the failure of the engineer in charge of the engine and train of cars by which Finch was killed to keep a lookout for persons upon the track, and to give proper signals of warning.'    The Circuit Judge instructed the jury that there was no evidence of wilfulness or wantonness, and that there could be no verdict for punitive damages.

The defendant first submits in support of the appeal that the Circuit Judge should have granted the motion for a non-

suit or the request that the jury be instructed to find a verdict for the defendant, on the ground, (1) that there was no evidence of negligence on the part of the defendant, and (2) that the evidence offered by the plaintiff proved conclusively contributory negligence on the part of the deceased Carl Finch.

As the case is to go back for a new trial we forbear discussion or detailed statement of the facts. The evidence appearing in the record furnished no support for the first, second and third specifications of negligence. We do not think, however, in view of the circumstances which distinguish this case from that of *Land* v. *Southern Ry.,* 67 S. C. 290, 45 S. E. 203, that the Court would have been warranted in taking the case from the jury, holding that there was not a *scintilla* of evidence for the jury to consider as to the fourth specification of negligence. We are also of the opinion that the question of contributory negligence was properly submitted to the jury.

The exception to the charge must be sustained; for the following instruction was clearly a charge on the facts in violation of the constitution. "Our law tries to be just, humane and reasonable. It does not expect impossibilities. A railroad company operating a train of cars from one place to another over a long distance, by day and by night, often no one is present for miles, may be, except the employees of the railroad company, and therefore, when an accident happens and a man is killed, for instance, and his lips are sealed in death, and his legal representatives and friends are far away and no eye witnesses as to what took place, how it happened but the employees of the railroad company, then the law says it is the duty of the railroad company, whose employees were present at the time and under whose control the train was operated, they are to bring them forward and explain how the accident happened. You cannot infer negligence on the part of the railroad company merely from the happening of the accident—from the happening of an injury—but after

the happening of an injury to any one, if the railroad company who is present through its agents and servants, and knows how it happened or have an opportunity to know, and they don't come forward and explain, then from their refusal to explain the jury may infer negligence. The law says that is a rational conclusion. They having an opportunity to explain it, if they don't explain, it is because they cannot explain in a manner to their own advantage. But that applies only to simple negligence. Where an injury is inflicted and the railroad company fails to explain, you may infer negligence from their failure and refusal to explain how the injury occurred." This instruction was repeated and emphasized when the jury returned to the Court room and asked for further instruction on the point.

The duty of the Court is to define negligence and to state the principles of law applicable thereto: the general rule is that the Court cannot indicate any particular fact and instruct the jury that from it the inference of negligence may be drawn. There are, it is true, some established legal presumptions when certain facts appear which it is proper to state to the jury. For example, the jury may be told that the presumption of negligence arises when a passenger is injured by some agency or instrumentality of the carrier, or when live stock is killed on the track by the locomotive of a railroad. But the law does not affix to the death or injury of an employee by an agency or instrumentality of a railroad company the presumption of negligence. *Land* v. *Southern Ry., supra.* What inferences may be drawn from the circumstances appearing on the trial, from the direct evidence, from the manner of the witnesses, the introduction of evidence, or the failure to introduce it,—all are for the jury. The constitution does not allow the presiding Judge to state the evidence; much less does it allow him to single out any particular act or omission of the defendant and instruct the jury that if that appears then they may infer that the defendant was negligent. *Lampley* v. *Atlantic C. L. Ry.,* 71 S. C.

156, 50 S. E. 773; *Weaver* v. *Southern Ry.,* 76 S. C. 49, 56 S. E. 657; *Turbyfill* v. *Atlantic & C. A. L. Ry.,* 83 S. C. 325.

It is the judgment of this Court that the judgment of the Circuit Court be reversed and the cause be remanded to that Court for a new trial.