13582

DAVIS v. CITY OF GREENVILLE

(167 S. E., 682)

*Messrs. P. N. Becton* and *B. A. Morgan,* for appellant,

*Messrs. J. Robert Martin* and *J. Robert Martin, Jr.,* for respondents,

February 13, 1933.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Plaintiff, an infant of eight years, brings action by his guardian *ad litem* to recover damages from the City of Greenville for injuries which the complaint alleges he received in this wise: That the agents and servants of the city were engaged, with a motor-drawn water tank, in washing off Briggs Avenue; that the defendant permitted the plaintiff and other small children to play in its streets while water was being thrown by a large hose from its tank, and plaintiff, without negligence on his part, or negligently contributing thereto, was knocked down by a large volume of water cast from the hose, and injured; that his injuries were caused by the negligent and reckless acts of defendant, its agents, and servants, in inviting and allowing small children and this plaintiff to play with a dangerous instrumentality used in washing its streets; in failing to warn plaintiff of the danger; and in releasing and turning on the streets a large and forceful volume of water, when they knew, or should have known, of the danger plaintiff stood in of being injured thereby.

To this complaint the defendant proffered a demurrer, predicated on the ground that the complaint did not state facts sufficient to constitute a cause of action, in that, defendant, being a municipal corporation, is not liable in a civil action *ex delicto* for damages to persons or property except as allowed by constitutional or statutory provision, and then only upon strict compliance with the requirements prescribed by law; that it appears upon the face of the complaint that there is no allegation that the injuries complained of were caused by a defect in a street of the city; that it

appears upon the face of the complaint that there is no allegation that the injuries complained of were caused by mismanagement of anything under the control of the city while such thing was being used in repairing a street of the city; nor is there any allegation of any defect in such instrumentality.

The Circuit Judge who heard the demurrer dismissed it on the ground that, giving the complaint a liberal construction and a common-sense view and application, washing the street constituted a repair of the street.

It is evident that the complaint was intended to be laid under Section 7345 of the Code of 1932, which relates to "Causes of Action for Damages from Defects in Streets, Mismanagement, Etc.;" although the allegations of the complaint are more pertinent to a claim for damages for the maintenance of an attractive nuisance.

The provisions of Section 7345 are as follows: "Any person who shall receive bodily injury, or damages in his person or property through a defect in any street, causeway, bridge, or public way, or by reason of defect or mismanagement of anything under control of the corporation within the limits of any town or city, may recover in an action against the same the amount of actual damages sustained by him by reason thereof."

In the case of *Reeves v. City of Easley,* 167 S. C., 231, 166 S. E., 120, 128, filed December 19, 1932, this Court reviewed all the cases bearing on this subject, beginning with that of *Dunn v. Barnwell,* 43 S. C., 398, 21 S. E., 315, 49 Am. St. Rep., 843, which was the first case decided under the Act of 1892, which Act, as amended, is embodied in Section 7345, quoted above.

The Court concluded its review in these words: "So we deduce that, in order to hold the municipality liable under the Act of 1892, that Act must be strictly construed, and its terms and conditions strictly complied with; that is to say, it must be shown that the delict complained of must

have been due to a defect in the street, etc., or to the defect or mismanagement of something under the control of the municipality,. which was connected with the obligation of the municipality to keep its streets in a condition of reasonable safety for the use of those who are entitled to use them legitimately."

It is patent from our inspection of the complaint that it does not allege that there was any defect in the street, or that there was any defect in the water tank, or that there was any mismanagement of the water tank. Nothing is alleged to show that the tank was not used in the customary, proper, and safe way. The allegation of negligence, reduced to its last analysis, is that the agents and servants of the defendant did not warn plaintiff of the fact that they were about to let loose from the tank a large volume of water.

It is needless to rehearse all that was said in the case of *Reeves, supra;* it is sufficient to say that that case lays down the rule that, in order to hold a municipality liable under the provisions of the Act relating to the mismanagement of anything under the control of the municipality, it must be alleged and proved that the instrumentality was then being used in repairing the streets.

The demurrer was dismissed by the Circuit Judge because, giving the complaint a common-sense view and application, washing off the street with a motor-drawn flusher was repairing the street. But as shown by the *Reeves case* and numerous cases therein cited, the Court is not permitted to give the statute a liberal construction, because the Act is in derogation of the sovereignty of the State and must be strictly construed; if the State, through the legislative branch of its government chooses to broaden the scope of the Act, it may do so; the Courts have no such power.

But if it be conceded that the Court had the authority to liberalize the Act, we cannot concur with it that washing off the street, even with a motor-drawn

flusher, constituted repairing the street. Respondent's counsel in a forceful argument relies upon the case of *Irvine v. Town of Greenwood,* 89 S. C., 520, 72 S. E., 228, 36 L. R. A. (N. S.), 363. That case will not support this one. There the pole from which descended the chain which supported the electric light was in the street, and the Court held that that constituted a defect in the street.

There is no suggestion in the complaint that there was a defect in the street which necessitated its being washed. It is common knowledge that the streets are flushed to free them from dust, trash, and the like things, for the sake of cleanliness; but these things do not constitute a defect in the street which necessitates repairing it.

Webster's New International Dictionary gives this definition of "repair": "To restore to a sound or good state after decay, injury, dilapidation, or partial destruction; as to repair a house, a road, a shoe."

.This is the ordinary common-sense meaning of the word, and it is only fair to the lawmakers to credit them with the intention to give it that meaning when they enacted the law. In short, the relation in which it is used in the context can leave no doubt that it was so intended.

The order overruling the demurrer is reversed, and the complaint is dismissed.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE STABLER and MR. ACTING ASSOCIATE JUSTICE G. B. GREENE concur.